139 So. 753

## DELAUNE v. BREAUX.

### No. 31537.

Feb. 1, 1932.

Edward Rightor and W. H. Sellers, both of New Orleans, for applicant.

Harvey Peltier and Howell & Deramee, all of Thibodaux, for plaintiff.

OVERTON, J.

This is a suit for damages for $10,000 for the death of Alfred Freddie Delaune, plaintiff's son, who, at the time of his death, was twenty-six years of age.

The death of Delaune occurred in an automobile accident. The automobile, in which he was riding at the time, was being driven by Leon Breaux, a minor, aged eighteen years, who is the son of defendant.

Defendant is sought to be held liable in his son's place by virtue of article 2318 of the Civil Code, making the father liable for the damage occasioned by his minor or un-

emancipated child, residing with him, or placed by him under the care of another.

The defenses to the suit are: First, that defendant's minor son, Leon Breaux, and the deceased, at the time of the accident, were engaged in a joint adventure; and, secondly, that the deceased, by his negligence, contributed to his death.

█] The first defense is not pressed. In fact, the record discloses that there was no joint adventure between Breaux and the deceased. It does not appear that the deceased had an equal right with young Breaux to control the operation of the automobile. There is no joint adventure where such is not the case. Lawrason v. Richard, 172 La. 696, 135 So. 29. The question, therefore, left for decision is: Did the deceased, by his negligence, contribute to his death? The facts are as follows:

On the evening of November 13, 1929, young Breaux invited Delaune to ride with him in his Ford coupé from Lockport in the direction of New Orleans. The invitation was accepted. Delaune sat next to Breaux, who drove the car. The route was on the main highway, leading into New Orleans, known as the Old Spanish Trail. The night was cloudy and drizzly.

Before leaving, Breaux and Delaune procured a half pint of gin, and drank it together, each drinking about one-half. Breaux says that the drinking of the gin did not in the slightest intoxicate or affect either. The gin was imbibed about an hour and a half before the accident occurred. The drinking of it seems to be a mere incident in the case.

At a point on the highway, some three and a half miles from Raceland, a car, about a mile ahead, was approaching Breaux. Breaux observed the approaching car. At this time a truck was parked on the right side of the highway about a half mile ahead of Breaux, the front of the truck facing in the direction of New Orleans. The rear light of the car was burning. The purpose, in parking the car there, was to replace a punctured tire. In replacing the tire a flash-light was used. Neither Breaux nor Delaune observed the parked car at that time.

As the car, that was approaching Breaux, neared his automobile, Breaux veered his car to the right of the road, so that the approaching car could pass with ease. When he did so, both he and Delaune observed the parked car, at about the same time, approximately from thirty to forty feet ahead. Breaux immediately ceased supplying his car with gas and applied the brakes, at the same time attempting to swerve his car so as to miss the truck. In attempting to avoid the truck Delaune also applied his hands to the wheel of Breaux's car. The joint effort, however, proved futile, and Breaux's car struck the rear side of the truck, throwing Delaune out on the graveled highway, causing his death, which followed in a day or two.

At the time Breaux veered his car to the right side of the highway it was running between thirty and thirty-five miles an hour. His lights were burning, and were in good condition. At the moment of the accident the driver of the truck had completed his task of replacing the punctured tire.

██ It was not negligence on the part of Breaux to drive his car on a graveled highway, in the nighttime, at a speed of from thirty to thirty-five miles an hour, the high-

way being straight at that point for some distance. Breaux, however, should have seen the rear light on the parked truck in ample time to avoid the accident. This he did not do. In failing to see it in time, when, with the exercise of ordinary care, he should have seen it, he was guilty of negligence. This negligence was the direct cause of the accident.

But the case does not end here. It must be decided whether Delaune was not also guilty of negligence, and, if so, whether his negligence did not contribute to the accident.

▮ Delaune was the guest of Breaux. He was sitting in the car by the side of Breaux. If the guest of the driver of an automobile is under an equal degree of obligation with the driver to maintain a careful lookout for dangers ahead, then it is patent that there can be no recovery in the present case, for Delaune was in as good a position as was Breaux to see the danger in time to avert the accident, by calling Breaux's attention to its existence, granting that it might be anticipated, which is reasonable, that Breaux would drive his automobile more to the right in order to avoid, with greater certainty, a possible collision with the approaching automobile. However, while it is unquestionably true that a guest, as has often been held, must exercise reasonable care and diligence to protect himself by making it possible for the driver to avoid an accident, but it does not follow that he is constantly under obligation to look out for sudden or unexpected dangers that may arise ahead. He may rely reasonably on the driver to discharge that obligation. Where, however, the guest is aware of the fact that there is danger ahead, which

apparently is unknown to the driver or may be unknown to him, or. where a sudden or unexpected- danger arises to the knowledge of the guest, apparently not observed by the driver, it is the duty of the guest to warn the driver of it at once, and if the guest fails to do so, he is guilty of negligence contributing to the accident and cannot recover. We think that the views, here expressed, are supported by the case of Churchill v. Texas & Pac. Ry. Co.,' 151 La. 726, 92 So. 314, 315, wherein it was said:

"Churchill, not having charge of the operation of the machine, was not required to keep a lookout for danger, but could rely upon the discharge of that duty by the driver, who was responsible for its operation; and it not appearing that the deceased saw the approaching train until almost the instant of the collision, and, having shouted the warning as soon as it was discovered, we do not find that he was guilty of negligence."

We also think that the foregoing views are not out of line with those expressed in the recent case of Lorance v. Smith, 173 La. 883, 138 So. 871.

▮ Breaux owed his guest the duty of not negligently injuring him. In this, Breaux failed. He should have been on his guard to avoid possible danger ahead, for it was he who was driving. He, should have seen the rear light on the truck in time to avoid the accident, and we think could have done so with the exercise of ordinary care.' Delaune was not negligent, for the duty did not devolve upon him to keep a lookout for the sudden emergency that arose. The moment he saw it he gave the 'alarm and did what he could to avert the danger. As Breaux is

a minor, residing with his father, the latter is liable for his son's tort. Civ. Code, art. 2318.

The trial judge rendered judgment for plaintiff for $4,500. The judgment was affirmed by the Court of Appeal. It is correct.

Accordingly, the judgment under review is affirmed.

ODOM, J., dissents.