HARDY, Judge.
This is a suit for damages sustained by plaintiff in an automobile collision between the passenger automobile in which plaintiff was a guest and a low-boy trailer owned by defendant, Gowan. Defendant’s liability insurer, Great American Indemnity Company, was joined as a party defendant, but an exception of no right' of action interposed by said insurer was sustained and plaintiff’s suit dismissed as against the named Indemnity Company.
On trial of the merits there was judgment in favor of Gowan rejecting plaintiff’s demands. This appeal' is prosecuted by' plaintiff from the judgment sustaining the exception of the' insurer and from the judgment on the merits in favor of defendant, Gowan.
About the hour of midnight of July 4, 1949, plaintiff, Donald Lovelace, a young man about' 22 years of age, was a passenger in an automobile owned and operated'by one Billy Foster Teddlie, a young man of about the same age. The automobile was proceeding south on • Portland Avenue in the City of Shreveport, at what plaintiff alleges to have been a reasonable speed, when it collided with the rear end of a lowboy trailer attached to a White tractor, which was parked at the west curb of Portland Avenue immediately in front of the residence of the defendant, Gowan.
Plaintiff alleged that the trailer was unusual in design; was painted a gray color ; was covered with dirt and mud; and was parked on the city street without flares, lights, visible reflectors or warning markers, at night, without illumination by public street or other lights, all of which is relied upon as constituting actionable negligence on the part of defendant, Gowan, and as being the proximate cause of the collision.
For answer to plaintiff’s petition defendant pleaded a general denial to the several allegations thereof and, affirmatively answering, represented that the sole cause of the accident was the negligence of Teddlie, the driver of the automobile, in that he was driving under the influence of intoxicating liquors; failing to keep a proper lookout; driving at a speed of approximately 50 miles an hour; and failing to have his automobile under control. Defendant further affirmatively alleged the contributory negligence of the plaintiff, in the event of any finding of negligence on the part of defendant, in that plaintiff and the driver, Teddlie, had been on a joint party during which they were drinking heavily; that plaintiff knew of Teddlie’s intoxicated condition, as the result of which he was unable to drive, and that, consequently, plaintiff assumed all risks; further that plaintiff knew Teddlie was exceeding the speed limit of the City of Shreveport, driving in a careless and reckless manner, despite which *100 plaintiff made no protest. As the consequence of these circumstances, defendant claims all of the negligence of Teddlie to have been imputable to plaintiff, effectively-barring recovery.
There were no witnesses to the actual occurrence of the accident save plaintiff and the driver, Teddlie. The low-boy trailer in question is of the usual heavy duty type of construction with a flat bed which slopes gradually toward the rear, at which point it is at the level of the rear wheels, eight in number, set in dual type at intervals under the extreme rear end of the trailer bed. It, is established that the only warning signals were two reflectors, some three or four inches in diameter, which were affixed within a channel steel or iron beam running across the rear end of the trailer at the right and left ends thereof. The testimony as to the condition of the reflectors at the time of the accident is in conflict. Some witnesses testified that the reflectors were dirty and muddy and could not be observed at any reasonable distance, while other witnesses testified that the reflectors were in good condition and clearly observable.
The testimony of Teddlie is to the effect that as he drove along Portland Avenue he observed the cab of the truck, which sits well above the bed of the trailer, and as he turned to the left to avoid the tractor his' car collided with the rear end of the lowboy trailer which he had not observed.
The driver, Teddlie, was thrown forward against the steering wheel and rendered unconscious, remaining either completely or semi-conscious until after he had been transported to the hospital. The plaintiff, Lovelace, was thrown forward into the windshield, which shattered under the impact of the blow, and sustained severe cuts and lacerations of the face, for which he seeks redress in damages in this action.
Immediately after the collision several people from the neighborhood rushed to the scene of the accident, among them being the defendant, Gowan, and his wife. Two police officers, in response to a call from Mrs. Gowan, arrived some fifteen minutes after the occurrence but after Teddlie and Lovelace had been removed to the hospital by a passing car which had been flagged down by plaintiff.
The testimony of the witnesses who appeared on the scene of the accident after its occurrence is hopelessly conflicting, ánd some of the testimony of certain of the witnesses on behalf of defendant is incredible.
As a point of beginning all of the contentions of negligence charged by the defendant as against Teddlie may be easily disposed of with the exception of the charge of intoxication. There is no substantiation of the claim that Teddlie was driving at an excessive rate of speed, nor did the established facts support the contention that Teddlie was not keeping a proper lookout. The very fact that he observed the cab and took steps to avoid a collision with what he obviously considered to be a truck or tractor, indicates that he was keeping a lookout. In connection with this finding we are firmly convinced, as was the District Judge that the parking of the low-boy on the street without adequate warning signals was clearly an act of negligence on the part of defendant, Gowan. The type of construction of the trailer here involved falls within that classification which has been established by the courts of this State in numerous cases as being of such a peculiar and unusual nature as to remove it from the category of vehicles which could and should be easily observable by the drivers of motor vehicles on the streets and highways. Gaiennie v. Co-operative Produce Co., 196 La. 417, 199 So. 377; Rea v. Dow Motor Co., La.App., 36 So.2d 750; Lynch v. Fisher, La.App., 41 So.2d 692. Additionally, we think the presence of the tractor cab in itself would have a tendency to attract the attention of drivers of vehicles approaching from the rear and thereby distract their attention to such a degree as would prevent their observation of the extremely low, wheel height projection of the poorly marked trailer. Certainly another circumstance which militated against ready observation of the trailer was the grayish color which at night would indeed serve as effective camouflage. With respect to the reflectors we do not think it has been sufficiently established that *101 they were in good condition. The mere fact that these inadequate caution signals were set within a channeled frame further indicates that they were not placed to the best advantage for the purpose which they should have served.
As the result of these facts we heartily concur with the finding of the District Judge that the defendant, Gowan, was negligent and, in our opinion, this negligence was the proximate cause of the accident.
Proceeding to a consideration of the emphatically disputed point as to the. in-' toxication, vel non, of the driver, Teddlie, as well as the plaintiff, Lovelace, we note certain pertinent points. The only facts hearing on the question of intoxication which are conclusively established, and this by the apparently freely given testimony of Teddlie and Lovelace,' are that from 8:00 o’clock P. M. until the time of the collision, which is fixed at approximately twelve o’clock midnight, the two youths had each imbibed two bottles of beer and one drink of whiskey. True, there is testimony in the record which, by inference, might appear to add to the total alcoholic consumption. One of the police officers who investigated the accident testified that a short time prior to the occurrence, while driving in a police patrol car, he observed one of the young men drinking out of a whiskey bottle in the vicinity of an eating and refreshment place. The witness even went so far as to identify the brand or label on the bottle. The District Judge in commenting upon this testimony made the statement that the testimony of the witness in question was “enthusiastically in the defendant’s favor”. Consideration of the testimony bears out the observation, and an analysis leads to the inevitable conclusion, unfortunately, that the witness was not only biased in favor of defendant but prejudiced against plaintiff and his companion. It is further to be observed that the testimony of this witness cannot be reconciled with the testimony of his fellow officer and companion.
A further circumstance relied upon by defendant is predicated upon the testimony of a number of the bystanders and the police officers to the effect that a number of beer bottles and an empty whiskey bottle were found in the Teddlie car or upon the sidewalk where they fell after the. door of the car had been opened. The placing of the location and the condition of the ■Whiskey bottle varies almost with the number of witnesses who testified with respect thereto. One witness placed it, opened and empty, on the front seat of the car; another as having fallen out of the car; another as having been- lying broken- at or near the curb or sidewalk; etc. We find it unnecessary to elaborate upon all the’ details of this conflicting testimony. Our-learned brother of the District Court dismissed the discrepancies in testimony on this point as being unimportant. We do not agree with this resolution, and on the contrary, are of the opinion that the conflicts indicate such an uncertainty and confusion on the part of the several witnesses as to seriously weaken the weight and value of their testimony.
Further considering the testimony on this point we find that a number of witnesses drew their conclusions of intoxication on the part of Lovelace from his “goofy conduct” immediately following the accident; his queer actions, consisting of pleas to the defendant, Gowan, not to file charges; requests to “shake hands and be friends”; and generally, incoherence of speech and unsteadiness of locomotion. It must be borne in mind that the young man had been thrown violently into the windshield of the automobile and had sustained severe lacerations of the face, which later necessitated the taking of some forty-four stitches, as the result of which, unquestionably, he must have been in a dazed condition. Strangely enough, of the several witnesses who testified as to his actions, and who apparently observed them in detail, judging from their testimony, not one observed any blood on plaintiff’s face or clothes. This is almost inconceivable, for we think it established beyond any question that plaintiff was bleeding profusely as. the result of his injuries, and how these witnesses could so meticulously observe and evaluate the cause of his unsteadiness and look him in the face without perceiving the blood, is a circumstance beyond our powers of explanation. In any event, it is es *102 tablished that of all the people present at the scene the plaintiff, Lovelace, was the only one apparently, who took it upon himself to try to secure transportation for his. unconscious companion and himself to. the hospital. ■ To this end he stopped an approaching car and requested the driver to use some means for the protection of his car from the blood, with which request the good Samaritan complied by producing a blanket from his luggage compartment and spreading it over the rear seat, after which he proceeded to take the two young men to the hospital.
Testimony as to the other circumstances relied upon by defendant in support of the charge of intoxication is equally conflicting. One of the police officers who interviewed Teddlie at the hospital' testified that he smelled strongly of alcohol. On the contrary the driver of the car and his companion, who transported the young men to the hospital, as well as the doctor who ministered to them, testified that they did not notice the odor of alcohol, and certainly these three witnesses were entirely objective in their observations.
 We think no useful purpose would be served in burdening this opinion with further detailed comment with respect to the testimony on this point. It is obvious that a finding' of intoxication would necessitate a reliance upon inference and speculation. We do not consider that this is the character of proof which is properly required in establishing the asserted defense. It is true that testimony was introduced, over objection of plaintiff’s counsel, to the effect that both Teddlie and Lovelace had been arrested for drunkenness on numerous' occasions before and after the date of the accident. But again, even conceding that such evidence was properly admitted, it falls far short of being conclusive. The fact that an individual was drunk on Tuesday and again on Thursday cannot be accepted as establishing the fact that he was drunk on Wednesday.
As we have stated above, the only direct and conclusive evidence of drinking would establish the alcoholic consumption of Teddlie and Lovelace as having been two beers and one drink of whiskey each, over a,period of some four hours. It would not appear that this would produce such intoxication .as would render one unfit to drive an automobile, particularly in view of the fact that the individuals in question apparently were experienced drinkers.
In. any event, we are firmly con-' vinced that Teddlie’s condition was not of such nature and degree as would justify the imputation of negligence to Lovelace in riding as a passenger in the car operated by Teddlie. In support of this conclusion we find particularly applicable the cases of Delaune v. Breaux, 174 La. 43, 139 So. 753, and Coffey v. Lalanne, La.App., 20 So.2d 614.
We regret that our appreciation of the facts does not comport with the findings of the District Judge and, as a consequence, we must conclude that there is manifest error in the judgment of the District Court.
In view of our conclusion that the negligence of the defendant, Gowan, was the proximate cause. of the accident and that plaintiff is absolved of the charge of contributory negligence, it becomes - necessary for us to take up the question of the correctness, vel non, of the judgment sustaining the exception of no right of action filed on behalf of the co-defendant, Great American Indemnity Company. The exception is based upon the proposition that the policy of .insurance covered the following equipment: “1. 1948 Chevrolet Tractor M#EAA347677 1A. Fruehauf Low Boy Semi Trailer”, and that at the time of the accident the trailer was attached to and being used with a White Tractor which was not covered - under the policy, and which had not been substituted by the insured in the place of the Chevrolet Tractor.
We pretermit discussion with respect to the substitution ' since, in our opinion, it must be conceded that no proper substitution under the terms of the policy was made.
The provision of the contract of insurance, as represented by the policy, which we think must be, determinative of the proposition advanced is found .under “Exclusions” and reads as follows:
*103 “This Policy Does Not Apply:
* * * * * *
■“(c) -:— while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;”
It is argued on behalf of exceptor that since the trailer, which admittedly was covered by the policy, was attached to and being used with the White Tractor which was not covered by the policy at the time of the accident, it necessarily follows that the unit consisting of the tractor and trailer was not insured at the time. Anticipating the obvious contention that the trailer Was not actually in use at the time, learned counsel for exceptor insists upon the proposition that trailers become integral parts of the motor equipment to which they are attached.
Reverting to a consideration of the testimony taken on the exception, it is established that the White Tractor had been only recently acquired by defendant, Gow-an, and was at the time undergoing certain repair and conversion operations which would fit it for use with the trailer. The work had not been completed, but rather than leave the truck and trailer - at the repair shop or yard, the defendant, Gowari, had moved them to the location at which the accident occurred, where they had remained parked over the week-end and the Monday holiday.
It would seem, beyond any question, that at the time of the accident the trailer was not being used. The argument that because the insured trailer was attached to an uninsured tractor it was removed from coverage under the policy seems to us to be super technical. If the tractor had not been present at the scene and the trailer alone had been parked, as was the case, no tenable ground could be advanced for releasing the insurer from liability. And, as we have observed, we cannot agree with the argument that the mere attachment, as distinguished from use, served to exonerate the insurer from any responsibility resulting from an accident with an insured vehicle. The trailer, as a matter of fact, had not been used with the White Tractor and certainly at the time of the accident at a location where it had been parked immobile for some days it could not by any definition be considered as being, in use.
The policy evidences the fact that the tractor and the trailer were not insured as a unit. On the contrary, they 'are separately described, and separate 'premiums were charged. We can conceive of no reason for such a procedure unless it was intended that the vehicles be considered separate and distinct under the policy provisions and coverage.
For these reasons we are constrained to hold that the exception of no right of action was improperly sustained.
The only question remaining for consideration bears upon the quantum of damages which should be awarded. Plaintiff prayed for amounts itemized as follows:
Shock, pain and discomfort $3,000.00 Permanent disfigurement 8,000.00
Clothing 100.00
Total $11,100.00
We think the claims are unjustifiably exaggerated. Unquestionably plaintiff suffered considerable pain and discomfort. It was necessary, according to plaintiff’s un-controverted testimony, to take forty-four stitches in the several gashes and lacerations of his face; the operation of suturing required between one and two hours; because of excessive loss of blood plaintiff was required to remain at the hospital as a “sleeper” for observation overnight. He returned to the hospital at intervals over a period of several days; an infection developed in the wounds which necessitated removal of the stitches and appropriate treatment until the wounds could be re-sutured; plaintiff was hospitalized during this process for some eleven days. These are the facts which bear upon the item of pain and discomfort.
As to disfigurement, the record is woefully inadequate with respect to satisfactorily establishing the extent and nature, thereof. One of the medical witnesses testified that one of the scars was approximately one-eighth of an inch in width. But this witness also testified that he could not accurately estimate the residual ex *104 tent with respect to the appearance of the scars after the lapse of a substantial period of time. We have no doubt that plaintiff has sustained injuries which will leave permanent scars, but under the condition of the record we are not prepared to hold that these scars will. result in such disfigurement as would entitle plaintiff to any great award in damages. Accordingly, we think the allowance of $1,500 should amply compensate plaintiff for his suffering and for any resultant effects of the injuries received.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of the plaintiff, Donald Lovelace, and against the defendants, R. E. Gowan and Great American Indemnity Company, in solido, in the sum of One Thousand Five Hundred and No/100 ($1,500.00) Dollars, with interest at the legal rate from date of judicial demand, together with all costs.