LE BLANC, Justice
(dissenting).
I am of the opinion that the Court of Appeal correctly decided all the issues presented in this suit and more particularly do I .think that that Court properly disposed of the- question of negligence as it related to the guest passenger in the car, which appears to have been the most strongly controverted issue in the case.
The Court of Appeal in having denied recovery to the guest passenger relied on the holding in the case of Clifton v. Dean, First Circuit 1936, 169 So. 788, 790, in which it was stated that: “ * * * a guest passenger in an automobile is not required to keep a constant lookout for the dangers of the road incident to automobile driving and that lie lias the right to rely to a reasonable extent on the exercise of the proper duty of care by the driver in charge of the car. This does not mean, however, that he can lightly abandon all care and throw all precaution to the wind. When unusual circumstances present themselves and the danger of driving increases, he is held to the exercise of greater prudence for his own safety and of at least protesting against any carelessness or negligence on the part of the driver. The plaintiff Clifton, having failed in the observance of this precaution, if indeed he did not acquiesce in the driver’s negligence, makes him equally guilty of contributory negligence, and he is not entitled to recover.”
That statement, after all, is merely an elaboration of the same principle as is. laid down in the text books and other authorities on the question. For instance, in 5 Am.Jur., Automobiles, Section 476, it is-stated:
“The general rule may be stated to be that ordinarily a driver is intrusted with caring for the safety of the occupants of his car, and that unless the danger is obvious or is known to the guest, the latter may rely upon the-assumption that the driver will exercise proper care and caution;' but that if a guest in an automobile driven by another sees, or ought by due diligence-to see, a danger not obvious to the-driver, or sees that the driver is- incompetent, careless, or not taking proper precautions, it is the duty to give-some warning of danger, and that a failure to do so constitutes contributory negligence. * * * In other-words, a passenger may not rely blindly upon the skill and driving judgment of the person at the wheel.”
*1013 In 61 C.J.S., Motor Vehicles, § 487, the principle is stated as follows:
“In the absence of any fact or cir- ' cumstance indicating that the driver is incompetent or careless, an occupant or guest in a motor vehicle ordinarily has the right to rely on the assumption, within reasonable limits, that the driver possesses skill and judgment and, in the operation of the motor'vehicle, will exercise reasonable care and vigilance to avoid danger, * * *. In accordance, with this rule, unless the danger is known or obvious, an occupant is not required to anticipate negligence on the part of the driver, and is not guilty of contributory negligence if, in reliance on the skill and due care •of tl:e driver, he does not take active steps to see that the vehicle is properly •operated.-
* jfc % :|« ‡ sfc
“An occupant of a motor vehicle, however, may not abandon the exercise of his own faculties and intrust his safety absolutely to the driver, regardless of the imminence of danger, •or the visible lack of ordinary care on the part of the driver to 'avoid harm, and if the occupant knozvs, or by the exercsie of reasonable care should knozv, that he can no longer rely on the driver to exercise reasonable care and caution he himself should take affirmative action and exercise care proportionate to the known or obvious danger. If he fails to use szich care, including the exercise of his own senses of -sight, hearing, and perception to protect himself under such circumstances, he is guilty of contributory negligence.” (Emphasis supplied.)
It may be that the use of the term “contributory negligence” in stating the principle in all cases is subject to debate but it is to be observed that in the treatment of the-subject reference is also made to “assumption of risk”, or the “acquiescence” of the guest in the manner in which the driver is operating and driving the vehicle, and in this connection it is important to consider a further statement in 61 C.J.S., § 486 which is as- follows:
“Although the relation of guest and driver is not contractual, it is consensual, and because of its -consensual character, it is generally subject to the rules relating to assumption of’ risk, although there is also authority to the contrary. There are three elements of the doctrine of assumption of risk: (1) A hazard or danger inconsistent with the safety of the occupant. (2) Knowledge or appreciation of the hazard by the occupant. (3) Acquiescence or a willingness to proceed in the face of the danger.
“Under this doctrine an occupant or guest in a motor vehicle, whether invited or permissive, voluntarily assumes the risk of injuries from known or obvious dangers or hazards inci *1015 dent to the ordinary operation of the vehicle, and, therefore, cannot recover for injuries resulting therefrom. He assumes all the ordinary risks of injury incident to travel in a motor vehicle controlled by a reasonably prudent driver. The risk which the occupant may be held to have assumed may arise from the condition of the weather, driving on a much-traveled highway at night without lights, the icy condition of the streets or highways, the purpose and character of the trip in the motor vehicle, riding in the back seat, or the necessity of making a detour.
******
“An occupant’s assumption of risk is distinct from any question of his contributory negligence, and in determining the fact of the host’s nonliability for the occupant’s injuries on the theory of assumption of risk the fact that the occupant was not guilty of contributory negligence is immaterial.”
This Court has evidently been aware of the distinction between a guest’s contributory negligence and his assumption of risk as brought out in the foregoing discussion in connection with the doctrine of the latter doctrine which, as is shown, includes the element of “acquiescence or willingness to proceed in the face of danger,” for in the case of Lorance v. Smith, 173 La. 883, 138 So. 871, 877, it is stated that “the theory underlying the rule or doctrine that an invited guest in an automobile cannot recover damages arising from injuries due to the negligence of his host, where such guest is aware of the danger and .makes no protest, is that of assent to- and acquiescence in such negligence.”
All of these principles relating to the-conduct and the duties of the guest in an automobile are not without their application by this court as is fully reflected in the case of Lorance v. Smith, supra, and more particularly, in my opinion, in the-case of Aaron v. Martin, 188 La. 371, 177 So. 242, 246.
In the latter case the guest was' denied' recovery for injuries sustained in an accident when the car in which he was riding-ran into a railroad box car which was blocking all or nearly all of a. crossing on the highway. It was shown that he knew that the switch track was there and that the-spur track used in connection with the-switching of cars had not been abandoned' but was being used, and he was held as. stated, to the duty, “as a matter of self-protection to be observant, and if the driver apparently was not aware of the presence of the track and the probability that it might be in use at the timej it was plaintiff’s duty to warn him. Plaintiff could not shift the entire responsibility upon the driver. He knew that the driver should at least slow down at the crossing. Knowing-the surroundings and circumstances as he" did, it was not only his duty to look ahead, but to warn the driver to be cautious. He *1017 did nothing of the kind, but sat idly by and said nothing.” Quoting from the case of Delaune v. Breaux, 174 La. 43, 139 So. 753, the Court added: “He did not ‘exercise reasonable care and diligence to protect himself by making it possible for the driver to avoid an accident.’ ”
I can hardly think of any case in which there appeared to the driver of the car in this case and to the guest, more obvious signs of danger than are disclosed by the facts found in the record and which are recited in both the opinion of the Court of Appeal and the majority opinion of this Court. Significantly enough, I find them to have been some of the very risks that are given as illustrative in the section which I have quoted from, 61 C.J.S., namely, the condition of the weather and the icy condition of the highway. And this, without taking into account the further fact that the part of the highway the car was traveling on was a bridge across the Mississippi River, with a steep incline and on which it was found necessary for the State Highway Department to have a crew working that night, scattering salt to melt the ice on the surface of the highway. As a warning to the public, proper signs, illuminated by flares, were placed at the foot on each end of the bridge. These conditions were all very obvious to the guest in the car and he voluntarily assumed the risks and the hazards involved in them.
I might add my own observation which I think is supported by general, public knowledge, that the weather conditions that night were unusual and abnormal in the area where this accident occurred because it is. seldom indeed, in my opinion, that it becomes necessary for people driving and riding in automobiles there, to have to scrape the ice which forms on the windshields of their cars in order to afford proper driving vision. It is noted that the ice was scraped from the windshield on the driver's side and apparently it is surmised from that that was sufficient since it cleared the driver’s vision. I, however, cannot agree that that satisfied the requirements of precaution on this point for had the parties scraped the ice on the guest’s side of windshield as well, he also would have seen ahead and thereby could have been able to make use “of his own senses of sight * * * and perception to protect himself” under the circumstances then existing. Having failed to do this and in fact to do any thing to guard against the hazards and dangers that were obvious to him, and having permitted the driver to operate the car at thirty-five miles an hour which, under the circumstances was negligence in itself, he should be held to have “assented to and acquiesced in such negligence” and should not be permitted to recover.
For these reasons I respectfully dissent.