McINNIS, Judge.
The demand in this casé is against W. R. Hughes and his employer, American Snuff Company and its public liability insurer, United States Fidelity & Guaranty Company, following a collision between an automobile owned and being driven by Grady Malone with one owned by American Snuff Company, and being operated by W. R. Hughes, about 3:15 P. M. August 23, 1951, on state highway 480 in Bienville Parish, near Shady Grove School.
Tony Malone, husband of Bessie Malone, demands $225 'for medical treatment incurred and to be incurred for his wife, and Bessie Malone damands $15,000 for her injuries, mental and physical suffering and disability.
On the day in question W. R. Hughes and another employee of American Snuff Company, Edwin M. Spell, were distributing samples of snuff in this rural area. Spell had parked the automobile he was using, headed south, as near the right side of the graveled road as he could, and Hughes, driving south, had parked the automobile he was operating to the rear and left of the Spell automobile, obstructing the road, rendering it difficult if not impossible for automobiles to pass to the left of the Hughes automobile. The two were engaged in conversation. To the north of the point where the automobiles were parked is a curve, variously estimated as at a distance of 125 to 500 feet. The latter figure is most likely nearer correct. The curve is on a hill, and to the south for some 200 feet it is down a hill which is not steep, and then the road levels off beyond the place where the automobiles were parked. A family named Blankenship lives in a house some 25 feet east of the road on the hill near the curve.
Grady Malone, with his mother, Bessie Malone, on the front seat and his 20 year old sister, Igusta Malone, on the back seat, came around the curve and down the hill at a speed, variously estimated by different witnesses, of from 45.miles an hour to 75 miles an hour. The first figure is most likely nearer correct. His brakes apparent *667 ly took effect when he was some 140 feet from the Hughes automobile, but he failed to stop, and the right front of his automobile contacted the left rear of the Hughes ■automobile and it was moved south and around the Spell automobile, without touching it, and on into the ditch on the right, •and the Malone automobile left the road on •the left side and went into the ditch.
Plaintiffs contend that the collision was -caused solely by the negligence of Hughes in parking the automobile so as to block the road near this curve, and in the alternative, they say that in the event -that either Grady .Malone or Bessie Malone, or both, were negligent, which is denied, that they are •nevertheless entitled to recover, for the reason that the negligence of Hughes was ’the sole and proximate cause of the collision. .
Answering, defendants admit the ownership of the Hughes automobile and his employment, and the insurance coverage, but ■deny any negligence on the part of Hughes, and in the alternative, allege that if Hughes was guilty of any negligence that Bessie Malone was guilty of contributory negligence barring any recovery by her, for the reasons, 1, that she was riding in a car at an excessive rate of speed, believed to have been approximately 70 miles per hour, without making any protest, and, 2, in failing to keep a proper.lookout and warning the driver of the parked car of Hughes, and 3, failing to warn the driver, who it is alleged was looking at an object in a field on one side of the road, to observe the road ahead.
After trial on the merits the district judge awarded judgment in favor of Tony Malone for $90.50 and in favor of Bessie Malone for $1,200, from which judgment defendants are prosecuting a suspensive appeal, and plaintiffs have answered the appeal, asking that the award to Bessie Malone be increased to $3,500.
Defendants say that the Hughes automobile was parked in a place that could be seen 500 feet to the north, and that the proximate cause of the accident was the excessive speed of the automobile in which plaintiff Bessie Malone was riding, and the failure of the driver and plaintiff Bessie Malone to keep a proper lookout. They contend also that there was ample space for the Malone automobile to have passed to the left of the Hughes automobile, and in the alternative, plead independent contributory negligence of plaintiff Bessie Malone in. bar of her right to recovery.
We are not impressed with the claim that there was ample space on the left of the Hughes automobile for traffic to pass. It is possible that an automobile proceeding at a very slow rate of speed might have negotiated the narrow strip of the road on the left of the Hughes automobile, but from all the evidence, we are convinced that the road was rather effectively blocked. It is true that Hughes and Spell testified that an automobile occupied by two men they did not know, had safely passed to the left of the Hughes automobile, at a very slow speed. There is so much inconsistency in the testimony of these two witnesses that we are unable to place a great deal of reliance on any of it. We are asked to believe the testimony of these two witnesses as to the manner in which the automobiles were parked, because they were where the automobiles were parked and the witnesses of plaintiff were 500 feet away. It is true that some of the witnesses were some 500 feet away, but Grady Malone, his mother and sister were not 500 feet away when the collision took place.
It is also contended that it is immaterial whether the Hughes and Spell automobiles did completely block the highway, because the proximate cause of the collision was negligent operation of the Malone automobile.
We have been cited to a number of cases on “proximate cause”, such as Painter v. Bewley Furniture Company, La.App., 195 So. 70, which involved injury to a pedestrian, and the facts are not similar; Hataway v. F. Strauss & Son, Inc., La.App., 158 So. 408, where it was held that parking a truck with the back end some two or three feet from the curb on a street 36 feet wide was not a proximate cause of the accident; Sexton v. Stiles, 15 La.App. 148, 130 So, 821, where it was held that a truck left parked at night without lights on its right-hand side of the road was not a proximate cause *668 Of the accident, but that the proximate cause was the failure of the driver of the car to see it in time to avoid striking it; Penton v. Scars, Roebuck & Co., La.App., 4 So.2d 547, where recovery was denied when husband collided with rear of truck parked on its right-hand side of the road, the court finding that parking the truck was not a proximate cause of the accident.
We have been cited to one of our recent decisions, Herget v. Saucier, La.App., 61 So.2d 545, where we held that a guest who not only failed to warn driver, but urged her to pass another vehicle at a time when both were approaching intersection, was guilty of independent contributory negligence barring recovery, and also that another guest in the same car who gave no attention to things obviously visible was also barred from recovery. We note that the Honorable Supreme Court granted writs in this Herget case, and has not yet handed down a decision.
In the cited cases there was no complete obstruction of the highway, and there was ample space to pass the obstructions in safety, which in our opinion was not so in the present case. It cannot be successfully or logically argued that Hughes did not violate the law in parking his automobile as he did. It can only be argued that the speed of the Malone car was the proximate cause of the collision, and that Grady Malone’s negligence is chargeable to his mother because she did not protest and warn him. In the first place we are not impressed with the , testimony that he was traveling 70 to 75 miles an hour. There is just as much testimony that he was traveling 45 miles an hour. The fact that he could not stop in a distance of some 150 feet does not necessarily convict him o*f excessive speed, because it requires more distance to stop on a gravel road than a hard surfaced one. If it be conceded that Grady Malone was negligent in not observing the situation in time to avoid the collision, it must also be conceded that Hughes was negligent. In order to bar recovery it must be held that Hughes’ negligence was passive and that of Malone active, or that plaintiff Bessie Malone was guilty of independent contributory negligence.
It is well established as a general-principle in the settled jurisprudence of this state that a guest has the right to rely to a reasonable extent on the care of the driver and his proper operation of the vehicle, Delaune v. Breaux, 174 La. 43, 139 So. 753; Johnson v. National Casualty Co., La.App., 176 So. 235; Albright v. Tatum, La.App., 37 So.2d 888, 895. As has been many times stated by our courts a guest is. not held to the exercise of the same degree of alertness and vigilance as is required of a driver. And there are other factors which must be considered in weighing the question of negligence on the part of a guest. It must be shown that the danger was or should have been apparent and that sufficient time existed within which the guest could have appraised the danger and. warned the driver. As was said by Mr. Justice LeBlanc as organ of the Court of' Appeal for the First Circuit in Albright v. Tatum, supra (in which the general facts, were analogous to the instant case) :
“He [the guest] is not called on to be on the same alert and to have seen what the driver should have seen. It is only where there is danger so apparent that he, as well as the driver, should have seen it, that he becomes negligent also if he fails to give warning or to protest if the driver’s negligence continues. There was no such danger which became' apparent to the guest in this case. * * * there was nothing to suggest any apprehension to the guest. The same degree of vigilance required of the one operating the car is' not required of the guest.”
In the instant case if Bessie Malone saw-the parked cars at a distance of 500 feet,, which is the greatest distance fixed by any witness, it is essential that the record show-that the danger was or should have been, immediately apparent; that she appraised the danger and that she had time to warn, the driver. None of these facts have been established. Additionally we point out that, there was not the slightest circumstance in connection with the matter which would, have indicated the necessity for the driver,, much less the guest, to be unusually alert or vigilant. It is true that automobile- *669 drivers do not have the right to assume that' the road is open, but it is equally true that one is not necessarily required to expect the road to be blocked by two automobiles casually parked on a highway for the conversational convenience of their occupants.
As to the time element, using the greatest distance of 500 feet, considering the fact that the brakes on the Malone automobile took effect approximately 150 feet before the collision, and allowing for the usual reaction time at the established speed of the vehicle, it is obvious that the plaintiff, Bessie Malone, could have had at most only a period of approximately 41/2 seconds in which to observe and evaluate the danger and give warning to the driver even if -she' had been alert, vigilant and observing far beyond the degree required. To convict her of negligence on this basis, in our opinion, would be utterly unreasonable.
 We are of the opinion that both Hughes and Malone were guilty of negligence, and that it was their combined negligence that caused the collision and resulting damage. We are also of the opinion that Bessie Malone was not guilty of independent contributory negligence.
This leaves for consideration the award to be made to her. Dr. A. E. Mc-Keithen treated her when she was injured. His report is in the record. He says she suffered lacerations of the face and multiple abrasions and contusions of the arms, legs and shoulder. The lacerations were sutured and healed with minor scar formation. Soreness persisted in the legs, knees and back. X-ray of right knee on September 17, 1951 was negative. She was discharged as well on the same day. The doctor thinks she sustained a mild sacroiliac strain in addition to her obvious injuries. He says the symptoms that persist at this time (February 26, 1952) are in his opinion psychosomatic in nature and not based on physical disease secondary to her accident.
Dr. Alfons R. Altenberg of Monroe examined plaintiff on September 25, 1951. His report is in evidence, and concludes as follows:
“It is my impression that this patient probably sustained an acute lumbosac-fal strain as a result of the alleged accident. She showed some definite mild lumbar muscle spasm. All signs of nerve root irritation were negative and I, therefore, feel that she did not sustain any disc or nerve root lesion. I was unable to find any specific cause or sign of intra articular damage to either knee and in this instance she also here too probably sustained an acute sprain and bruising with subcutaneous hemorrhage formation. Since she is in the early state of her injury and it has been barely one month since the time of the alleged accident, I feel that she is probably doing quite well. In most instances it' requires approximately 60 to 75 days for all of the signs and symptoms of acute sprains and strains to disappear.”
Plaintiff claimed her right eye was injured, but there is a stipulation in the record that if Dr. Aiken, an optometrist, were called as a witness he would testify that he examined her eyes about February 18, 1952, and. could find nothing wrong with them-that was caused or aggravated by the accident.
She complained of an injury to her lower lip and gum, making it uncomfortable for her to wear the lower denture of her false teeth, but it not shown that she consulted a dentist to learn whether it could be repaired.
Plaintiffs in answer to the appeal and in brief contend that the award to plaintiff Bessie Malone should be increased to $3,-500, and defendants contend that if they are liable, which is denied, that she should not be allowed more than $300. We conclude however .that the awards made by the district judge are neither excessive nor inadequate.
It follows that the judgment' appealed from is affirmed at the cost of defendants-appellants in both courts.