SAVOY, Judge.
This suit was instituted by plaintiff against defendants, Nolan P. Couvillion and his liability insurer, Employer’s Liability Insurance Corporation, Ltd., resulting from an automobile accident in which ¡plaintiff suffered severe and permanent injuries.
The case was tried before the Honorable Francis J. Gremillion, District Judge, but was decided by the Honorable Earl Edwards, District Judge. The district court rejected the demands of plaintiff and dismissed his suit. From this judgment, plaintiff has perfected an appeal to this court.
The facts of this case are that about seven o’clock p. m. on the night of October 2, 1958, plaintiff, Dwight Normand, and defendant, Nolan P. Couvillion, left in the Couvillion car to go to the parish fair, and leaving the fair, the three men went to a nearby nightclub. There they drank some beer and danced with two young ladies they had met at the club. The young men stayed at the club until ten or ten-thirty p. m., and then went to a local ice cream and, sandwich stand. Shortly after they arrived at the stand, the girls with whom they had danced at the club drove up in a Mercury automobile. A conversation in-sued between the young men and the young ladies, and during the course of the conversation, the parties discussed the relative speed of the Mercury owned by one of the girls and the Ford owned by defendant, Couvillion. After some discussion it was agreed that Dwight Normand would drive the Mercury and Nolan Couvillion would drive his Ford in an attempt to decide which of the two was the faster car. Plaintiff was present at the conversation and entered the Ford driven by Couvillion, and the parties commenced to race the cars at speeds estimated by the parties to be between 95 and 100 miles per hour for a distance of approximately five or six miles during which time Normand in the Mercury managed to pass the Couvillion vehicle. Normand and Couvillion then turned the cars around and raced back at the same speed towards Marksville with Normand in the lead.
During all of this time there was no protest on the part of plaintiff against the manner in which the Couvillion vehicle was being driven. Near the Marksville city limits, the occupants of the Mercury and Ford gradually decreased the speed of their cars until at a curve approximately 4/10th of a mile from the city, the cars were being driven at approximately 60 miles per hour. Couvillion, believing that he could see around the curve, accelerated the speed of his car to approximately 65 or 70 miles per hour and passed the Mercury being driven by Normand. In attempting to pass said car, he lost control of same, it then left the highway and struck several trees, and the car was totally demolished. As a result of the collision, plaintiff sustained the injuries complained of in this suit.
Counsel for defendants concedes that defendant, Couvillion, was negligent in attempting to pass the car being driven by Normand on the curve and at the speed he was driving said car. However, counsel for defendants contends that plaintiff is ' barred from recovery for the reasons *455 that (1) Couvillion and plaintiff were engaged in a joint venture, (2) plaintiff assumed the risk by riding in said car knowing that Couvillion and Normand were to engage in a speeding contest, and (3) plaintiff was negligent in not protesting to Couvillion about the manner in which he was driving said car.
Plaintiff on the other hand contends that while it may be true that plaintiff assumed the risk during the speeding contest, that at the time of the occurrence of the accident, the race had been completed and that he was not contributorily negligent in that Couvillion attempted to pass the Normand car on an impulse and without any prior warning to plaintiff.
The general rule involving contributory negligence in the case of a guest passenger is well stated in the case of White v. State Farm Mutual Auto Insurance Co., et al., 222 La. 994, 64 So.2d 245, 249, and reads as follows :
“Contributory negligence is, as the phrase signifies, negligence which contributes to the accident, that is, negligence having causal connection with it and but for which the accident would not have occurred. Insofar as the rights of a guest in an automobile are concerned, it is settled that, in actions against third persons, the negligence of the host driver does not bar recovery because his negligence cannot be imputed to the guest. Lawrason v. Richard, 172 La. 696, 135 So. 29; Lorance v. Smith, 173 La. 883, 138 So. 871. However, a guest may be denied recovery on the ground of contributory negligence in instances where he is guilty on his own part of independent negligence of such a nature, that, but for which, his injuries would not have been sustained. Lorance v. Smith, supra; Churchill v. Texas & Pac. Ry. Co., 151 La. 726, 92 So. 314; Delaune v. Breaux, 174 La. 43, 139 So. 753; Squyres v. Baldwin, 191 La. 249, 185 So. 14. But in determining whether the asserted fault of a guest has been a contributing factor in bringing about his injuries, it is first necessary to ascertain what duties are imposed upon him as pertain to the operation of the vehicle and the safety of the journey. It is firmly established by the above cited authorities of this Court and others of the Courts of Appeal of this State, too numerous to mention, that a guest is under no duty to supervise the driving of the vehicle and he is not obliged to look out for sudden or unexpected dangers that may arise. Albeit, he has the right to place reliance upon the driver to discharge that obligation and, as aptly expressed by the Court of Appeal, Second Circuit, in Singley v. Thomas, 49 So.2d 465, 469, ‘ * * * is not required to monitor the operation or to pay attention to the road and other traffic conditions’ in the absence of a showing that he has actual or constructive knowledge that the driver is incompetent or unfit to operate the vehicle.
“On the other hand, the jurisprudence has imposed upon the guest an obligation to avoid an accident or injury to himself under certain conditions. That duty has been tersely said by this Court, in Delaune v. Breaux, supra, to exist in cases where the guest ‘ * * * is aware of the fact that there is danger ahead, which apparently is unknown to the driver or may be unknown to him, or where a sudden or unexpected danger arises to the knowledge of the guest, apparently not observed by the driver •* * 174 La. at page 47, 139 So. at page 755. In such situations, it is incumbent on the guest to warn the driver of the danger and, if he fails to do so at a time when the driver is able to avert it, his dereliction may be said to be a contributing cause of any injury he may sustain.
*456 “In addition to these instances of contributory negligence, recovery of a guest may be refused when he has knowingly assumed a particular risk, such as riding with an intoxicated driver or one otherwise incompetent. This doctrine of assumption of risk has sometimes been applied indiscriminately by the courts as contributory negligence. James, Assumption of Risk, 61 Yale L.J. 141 (1952). % * ‡ »
 The first defense set forth by defendants is without merit. Under the facts of the case, the evidence shows that the plaintiff did not have the right to control the operation of the automobile, and the rule of law is that parties cannot be said to be engaged in a joint venture or common enterprise unless there be a community of interest in the objects or .purposes of the undertaking, and an equal right in each to direct and govern the movements’ and conduct of each other with respect thereto. Lorance v. Smith et al., 173 La. 883, 138 So. 871; Berry on Automobiles (6th Ed.) Sec. 644.
The next defense raised by defendants is that the plaintiff assumed the risk in riding in the Couvillion vehicle knowing that Couvillion and Normand were to engage in a speeding contest and in not warning or protesting to Couvillion at any time during the contest or thereafter. As stated previously, counsel for plaintiff contends that after the speeding contest was over the doctrine of assumption of risk was not applicable and since Couvillion attempted to pass the car driven by Normand on a curve without warning, his client is not contributorily negligent and should recover from this case.
The events leading to the accident in question in this case are so interrelated that this Court cannot say that the race ended. It appears from the record that the defendant Couvillion was in the racing spirit from the time the race commenced until the time of the accident, and that he never did conclude that the race was over for he drove his car at a high rate of speed during all of this time, and that by passing the Normand car on the curve, he was determined to reach the Marksville city limits ahead of the Normand car.
Plaintiff cannot recover in this case for when he entered the Couvillion car, he knew that Couvillion and Normand were going to engage in a dangerous venture on a public highway of this state, and he assumed the risk that an accident would occur as a result of the speeding contest between Couvillion and Normand.
We are of the opinion that plaintiff was guilty of further independent negligence in that once he was in the Couvil-lion car which was being driven at an excessive rate of speed, he did not discharge his duty as a guest passenger and use ordinary care to protest to Couvillion that he was driving at an excessive, fast and dangerous rate of speed. Aaron v. Martin, 188 La. 371, 177 So. 242.
For the reasons assigned, the judgment of the district court is affirmed. Costs of court are assessed against plaintiff.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.