HOOD, Judge.
This is an action for damages for personal injuries sustained by plaintiff as the result of a motor vehicle collision. The suit was instituted by Ida Lee Richards against American Home Assurance Company. The trial court rendered judgment in favor of defendant, and plaintiff has appealed.
Another suit arising out of the same accident was instituted by Earnest Campbell against' the same defendant, and it was consolidated for trial and appeal with the instant suit. We are rendering judgment in the companion suit on this date. See Campbell v. American Home Assurance Company, 241 So.2d 81 (La.App. 3 Cir. 1970). Some of the facts which are pertinent here were set out in the opinion which we rendered in the Campbell suit, and we refer to that opinion for a discussion of those facts.
In the instant suit, as in the Campbell case, we have concluded that plaintiff, Ida Lee Richards, is barred,, from recovery by her own contributory negligence, and that the judgment of the trial court rejecting her demands should be affirmed on that ground. It is unnecessary, in view of that finding, for us to consider the question of whether the driver of the Gim-nich car was shown to be an uninsured motorist.
Plaintiff, Mrs. Richards, was riding as a passenger in the automobile which was being driven by Campbell when the collision occurred. The vehicle in which they were riding was owned by plaintiff’s mother, Jeanette Jordan, who resided in Many. Plaintiff was living with Mrs. Jordan at the time of the accident. Plaintiff had asked her mother for permission to use the car so that she and Campbell could drive to Lake Charles to enable Campbell to transact some business of his own there. The permission was granted, and plaintiff and Campbell drove from Many to Lake Charles in that car on the morning of March 5, 1965. They were on their way back to Many that afternoon, with Campbell driving the car, when the accident occurred.
Ida Lee Richards testified that she was watching the road ahead of the car in which she was riding as they approached the point where the accident occurred. She stated that she observed the smoke on the highway as they approached, that she saw the cars parked on the east shoulder of the road just south of the smoke-covered area, that the occupants were sitting in their cars while they were so parked, and that her vision was so obstructed as they tried to go through the smoke that she was unable to see the Gimnich car directly ahead of them until after they had collided with that car.
*79 Plaintiff concedes that in spite of these observations she did not protest to the driver of her mother’s car at any time. She did not suggest to Campbell that he wait until the smoke cleared before proceeding to drive through it, or that he stop or reduce the speed of the car when visibility was reduced to zero. She stated that she said nothing to Campbell as they entered the dense smoke or were driving through it, and that he said nothing to her. Her testimony, in part, was “I didn’t tell him what to do. I mean I didn’t tell him to slow down,” and “he was driving and I don’t usually interfere with the driver.”
Plaintiff obviously realized the danger and knew that the car she was in should be brought to a stop, because she stated “there wasn’t a place to pull off the highway because cars were parked there, and before we did find a place for him to stop that’s when we had the accident.” There is nothing in the evidence which indicates that there were any cars parked on either shoulder of the highway in the area which was covered by smoke, and plaintiff does not explain why Campbell could not have stopped or parked on the shoulder, of the highway after they entered the smoke-filled portion of the highway.
The automobile belonged to plaintiff’s mother, and plaintiff had borrowed it for the trip. The car was borrowed and the trip was made solely as a convenience to Campbell. Under those circumstances it seems logical that Campbell would have complied with a request from plaintiff to stop, to slow down, to delay entering the smoke-covered area until it cleared up, to blow his horn as he proceeded through it, or to take other precautions to avoid an accident. Certainly, there is nothing in the record which could be construed as indicating that Campbell would not have heeded a protest from plaintiff.
The general rule is that a driver and his guest passenger are not charged with the same strict legal duty to maintain a lookout for highway dangers. In the absence of actual or constructive knowledge of a driver’s incompetence, a guest has the right to place reasonable reliance upon the skill and caution of the driver. A passenger is not expected to maintain a constant vigil for road hazards or to monitor ordinary traffic and highway conditions incident to automobile driving in order to raise an instant alarm if danger should arise. Nevertheless, where a guest passenger is aware of a danger ahead which apparently is unknown to the driver, or if he observes that the driver is ignoring the danger or that he is incompetent or otherwise unfit to operate the vehicle, a duty devolves upon the passenger to take some precautionary action and to protest acts of negligence. King v. King, 253 La. 270, 217 So.2d 395 (1968); Herget v. Saucier, 223 La. 938, 67 So.2d 543 (1953); White v. State Farm Mutual Automobile Insurance Company, 222 La. 994, 64 So.2d 245 (1953); Delaune v. Breaux, 174 La. 43, 139 So. 753 (1932); Landry v. State Farm Mutual Automobile Insurance Company, 215 So.2d 226 (La.App. 3 Cir. 1968); DeGregory v. State Department of Highways, 192 So.2d 834 (La.App. 1 Cir. 1966).
 Another established rule is that a guest riding in a motor vehicle from which vision is obscured by smoke, dust, atmospheric conditions, or a dirty windshield, should observe a degree of caution in proportion to the added danger for his own safety, although he is not required to exercise the same degree of care as that imposed upon the driver. The particular circumstances may impose a duty upon the guest to look and listen, to warn the driver of dangers, or to protest or remonstrate against the speed at which he is driving, or to do everything reasonably possible to make the driver stop. See 8 Am.Jur.2d, Automobiles and Highway Traffic, § 543, p. 101; Louisiana and Arkansas Railway Co. v. Jackson, 5 Cir., 95 F.2d 369; Lorance v. Smith, 173 La. 883, 138 So. 871; White v. State Farm Mutual Automobile Insurance Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338.
*80 In Ferguson v. Highway Insurance Underwriters, 109 So.2d 289 (La.App. 1 Cir. 1959) our brothers of the First Circuit Court of Appeal said:
“ ‘It is the duty of a guest or passenger in a motor vehicle to exercise ordinary care for his own safety, and where reasonably necessary to warn the driver of impending danger and to take such other reasonable steps as may be necessary for his protection. Lorance v. Smith, 173 La. 883, 138 So. 871; Delaune v. Breaux, 174 La. 43, 139 So. 753; Jones v. Burke (La.App.) 51 So.2d 322. In determining whether the guest or passenger has exercised reasonable care for his own safety, of course, all of the facts and circumstances must be considered. Lorance v. Smith, supra; Stuart v. Gleason & McKenney (La.App.), 42 So.2d 545; White v. State Farm Mutual Auto Insurance Company, 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338; Herget v. Saucier, 223 La. 938, 67 So.2d 543; Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909.’ ”
In the same case (Ferguson v. Highway Insurance Underwriters, supra) the court also held that:
“• * * * when the guest permits the driver to be reckless without protesting he will be considered to have consented to and acquiesced in the driver’s negligence if he had an opportunity to protest, and that such failure to protest on the part of the guest amounts to contributory negligence which will bar his recovery for injuries caused by the negligence of the driver.”
We held in Bordelon v. Couvillion, 130 So.2d 453 (La.App. 3 Cir. 1961), that the plaintiff, a guest passenger, was barred from recovery because of his own contributory negligence in failing to protest to the driver that he was driving at an excessive, fast and dangerous rate of speed.
Our brothers of the First Circuit Court of Appeal held in DeGregory v. State Department of Highways, 192 So.2d 834 (La.App. 1 Cir. 1966), that:
“ * * * the guest is under a duty to exercise reasonably prudent care and to protest acts of negligence. This duty has been repeatedly held to arise only where the acts of negligence are manifest.”
In Senegal v. Thompson, 91 So.2d 865 (La.App. 1 Cir. 1956), a guest passenger was held to be guilty of contributory negligence because of his failure to warn the driver of the fact that a train was blocking the highway, although another passenger had already informed the driver of that fact. In so holding the court said:
“As a guest or passenger in the automobile, it was his duty to warn the driver of the danger and otherwise exercise ordinary care to protect himself. His neglect to do so constituted a contributory or proximate cause of the accident.”
And, in Durham v. Paciera, 164 So.2d 188 (La.App. 1 Cir. 1964), the court quoted with approval from the Ferguson and Senegal cases, supra, and then held:
“We, therefore, . concur in the Trial Court’s finding that young Durham assumed the risk to bar him from recovery herein, because he acquiesced in the drag race and the race with the police officers thereafter, and did not protest until just seconds before the accident happened, when he could see what was going to happen. In addition, we hold that Mike Durham was guilty of contributory negligence.”
We have considered the facts in the instant suit with these rules in mind. Here, the danger was obvious to plaintiff long before she and Campbell reached the area of dense smoke. Plaintiff had plenty of time within which to warn Campbell of the danger or to protest his actions in proceeding into the smoke. Even after he entered the blinding smoke she had ample opportunity to protest, or to request that he stop. There was no *81 emergency, and a protest from her would have created no additional danger or hazard. She had a proprietary interest in the car, since she had borrowed it from her mother for this particular trip, and the car had been obtained by her solely as a favor to the driver, Campbell. There was no reason, therefore, for her to be reluctant about protesting or requesting that the driver exercise reasonable care. It is probable that a protest, request or suggestion from her would have had the effect of avoiding the accident.
Under those circumstances, we conclude that plaintiff, Ida Lee Richards, acquiesced in the driver’s negligence, and that her failure to protest amounts to negligence constituting a proximate and contributing cause of the accident. Plaintiff thus is barred from recovering by her own contributory negligence.
For the reasons herein assigned, the judgment of the district court rejecting plaintiff’s demands is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.