HOOD, Judge.
Plaintiff, Earnest Campbell, instituted this suit for damages for personal injuries sustained by him as a result of a motor vehicle collision. The suit was instituted against American Home Assurance Company under the uninsured motorist clause of an automobile liability policy issued by defendant to the owner of the vehicle being driven by Campbell. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
Another suit arising out of the same accident was instituted by Ida Lee Richards, a guest passenger in the Campbell vehicle, against American Home Assurance Company. That case was consolidated for trial with the instant suit, and judgment was rendered by the trial court in favor of the defendant in that suit. The plaintiff in the Richards suit also has appealed. We are rendering judgment in both of these companion cases on this date. See Richards v. American Home Assurance Company, 241 So.2d 77 (La.App. 3 Cir. 1970).
The accident which resulted in plaintiff’s injuries was a two-car, head-on collision. One of the automobiles involved was owned by Jeanette Jordan, and was being driven by plaintiff, Earnest Campbell. The other was owned by Coleman Gimnich and was being driven by his wife, Mrs. Gloria Kammer Gimnich. At the time the accident occurred there was in effect a policy of automobile liability insurance issued by defendant to Jeanette Jordan covering the automobile being driven by Campbell. The policy provided for uninsured motorist coverage, and the plaintiff in each of these consolidated cases seeks to recover under that provision of the policy, alleging that the driver of the Gimnich car was uninsured.
The following issues are presented in the instant suit: (1) Does the evidence establish that the driver of the Gimnich car was uninsured at the time of the accident? and (2) Is Campbell barred from recovery by his own contributory negligence?
The trial judge concluded that plaintiff had failed to establish that the driver of the Gimnich automobile was uninsured at the time the accident occurred, and he thus rendered judgment in favor of defendant, rejecting plaintiff’s demands. We have concluded that plaintiff Campbell is barred from recovery by his own contributory negligence, and that the judgment of the district court dismissing plaintiff’s suit should be affirmed on that ground. In view of that conclusion, it is unnecessary for us to determine the factual question of whether the driver of the Gimnich car was uninsured at the time the collision occurred.
Immediately prior to the time of the accident, Campbell was driving the Jordan automobile north on U. S. Highway 171, in Beauregard Parish. As he approached a point on that highway about seven miles south of DeRidder, he observed that at a considerable distance ahead of him some grass was burning on the west side of and adjacent to the road. The wind was blowing eastward, and a heavy concentration of gray or black smoke was being blown across the highway. Campbell also noticed as he approached that a number of automobiles, all headed north, had been driven off the traveled portion of the highway and were parked almost bumper to bumper on the east shoulder of it, immediately south of the area which was covered by smoke. The occupants of these parked cars were still in them, and it was obvious to Campbell and to the passenger in his car that the drivers had stopped there because of their reluctance to drive through the dense smoke. A police car was parked on the west shoulder of the road, facing south, and the policeman-driver was out of the car, on the highway, apparently directing traffic. Campbell admits that he saw all of these things long before he reached the point where the highway was covered by smoke.
*83 Plaintiff was driving at a speed of about 50 miles per hour as he approached the smoke-covered area. Upon observing the danger, however, and before he reached the smoke, he reduced his speed to about 10 or 15 miles per hour. He did not bring his car to a stop, as other drivers had done, but instead he turned on his headlights and proceeded to enter the smoke-covered portion of the highway at the reduced rate of speed. He traveled only a short distance into and through the smoke before his car collided head-on with the Gimnich automobile. The headlights on the Gimnich car were burning at that time. Mrs. Gimnich was driving her car south at a speed of about five miles per hour when the collision occurred. She had crossed into the wrong lane of traffic, however, apparently because she also was blinded by the smoke, and the collision occurred wholly in the north-bound lane.
Campbell testified that after he had entered the smoke-covered part of the highway, and immediately before the collision occurred, his vision became almost totally obstructed by the smoke, and that he was unable to see the Gimnich car directly in front of and facing him, with its headlights burning, until after the cars had collided. His explanation for his failure to stop and thus avoid an accident was that the smoke was “up in the air” when he first reached the area, and that “it come down suddenly and covered up the road.” We understand and interpret this explanation to be that he became blinded so suddenly that he did not have an opportunity to stop or to take other precautions before the collision occurred. His testimony to that effect, however, is contradicted by other evidence.
S. L. Gimnich, a passenger in the Gim-nich car, testified for instance that shortly before the accident occurred “you couldn’t see another car,” that “you couldn’t see nothing,” that “she [Mrs. Gimnich] couldn’t see and nobody else could see,” that the witness himself “couldn’t see the road or nothing,” and that he didn’t understand why Mrs. Gimnich drove into the smoke under these conditions. The fact that the drivers of several other cars had stopped and were parked on the shoulder, obviously not daring to enter the smoke-covered area, also indicates that visibility was greatly impaired when plaintiff reached that point on the highway. And, Ida Lee Richards, who was riding as a passenger in the Campbell car, testified that she was watching straight ahead as they drove through the smoke, and that she was unable to see the Gimnich car directly in front of them until the collision occurred, even though the headlights of both vehicles were burning.
The evidence shows that Campbell did not apply his brakes at any time before the cars collided, and that he did not reduce his speed from the 10 to 15 miles per hour rate he was traveling when he entered the smoke. If the smoke had suddenly come down on the highway and obscured his vision, as he indicates it did, then there appears to be no reason why he could not have applied his brakes then and stopped before the collision occurred.
The law is settled that when visibility is materially impaired because of smoke, mist, dust, fog or other atmospheric conditions, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent, and keep his vehicle under such control as to reduce to a minimum the possibility of accident from collision. And, as an extreme measure of safety, it is his duty when visibility ahead is not possible or is greatly obscured, to stop his vehicle and remain at a standstill until conditions warrant going forward. He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril. Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148 (1945); Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So. *84 2d 451 (1958); Ardoin v. Southern Farm Bureau Casualty Ins. Co., 133 So.2d 129 (La.App. 3 Cir. 1961); Moses v. Mosley, 146 So.2d 263 (La.App. 3 Cir. 1962); Hernandez v. State Farm Mutual Automobile Ins. Co., 192 So.2d 679 (La.App. 3 Cir. 1966); and Ardoin v. Travelers Insurance Co., 229 So.2d 426 (La.App. 3 Cir. 1969).
We agree with plaintiff that the driver of the Gimnich automobile was negligent in attempting to drive through that portion of the highway which was covered by smoke when her vision ahead was greatly obscured. We also conclude, however, that plaintiff Campbell was negligent in entering the smoke-covered area of the highway, and in continuing to drive his car through that area after his vision became so obscured that he was unable to see a lighted vehicle ahead of him until he actually collided with it. Campbell’s negligence in that respect was a proximate and contributing cause of the accident, and he thus is barred from recovery by his own contributory negligence.
For the reasons herein assigned, the judgment of the district court rejecting plaintiff’s demands and dismissing this suit is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.