AYRES, Judge.
In this action, plaintiff has demanded of the defendants the sum of $433.65 representing property damage to his Chevrolet pick-up truck sustained in a collision with a Ford truck owned by H. V. Alexander and operated at the time by defendant Andrews. The other defendant is Alexander’s public liability insurer. Defendants have appealed from a judgment in plaintiff’s favor for $408. Plaintiff neither appealed nor answered defendants’ appeal.
The accident occurred on State Highway No. 147 about 4.7 miles northwest of Jones-boro, some time after dark, on November 12, 1955. This highway, running generally in a northwest and southeast course, known locally as the Jonesboro-Arcadia Highway, is an asphalt surfaced highway of the usual width of approximately 18 feet with a three foot dirt shoulder on each side.- The point of impact of the two vehicles was about midway of a long, wide-sweeping curve, the estimated length of which was fixed by the testimony at 600 feet. Both cars were headed northwest when the headlights on the Andrews truck, suddenly and without warning, went out; whereupon Andrews brought his vehicle to an immediate stop on the asphalt surface of the highway but entirely in his lane of travel. Only moments after Andrews alighted from the truck, the Malone truck struck the rear end of the Andrews truck. It is not shown *382 that Andrews had any knowledge prior to his stopping that Malone was approaching from the rear.
Just prior to the accident, the automobile of Lester Norred entered the highway from a gravel road some 30 to 40 yards beyond the point of impact. Without stopping, Norred inquired of Andrews as he passed as to the nature of his trouble, and Andrews stated he was having light trouble. On observing the approach of another vehicle from the southeast, later determined to be the truck of the plaintiff, Norred continued forward, steering his automobile to the shoulder of the highway to permit the oncoming vehicle to pass. As he was bringing his automobile to a stop, plaintiff passed and Norred heard the noise of the crash as the Malone truck struck the Andrews vehicle. As Norred passed the Andrews truck, Andrews was in the act of alighting from the truck. The Ford truck operated by Andrews had a skeletal type body of iron and wood frame, unpainted; . the cab was painted red.
Each of the motorists charged the other with negligence constituting a proximate cause of the accident. Defendant Andrews was charged with negligence in stopping his truck on a main traveled portion of the highway and in plaintiff’s lane of travel, without lights, and without the driver displaying flares, as required by LSA-R.S. 32 :- 441, and without regard to the rights and safety of other motorists using the highway. The defendants denied that Andrews was guilty of any acts of negligence whatsoever causing or contributing to the accident, and contended that Andrews stopped on the highway on account of a sudden emergency and that the accident happened before Andrews had time or opportunity to put out flares or display other warning devices or to take any effective action to warn motorists of his stopping on the highway. Plaintiff is charged with negligence in operating his vehicle at such an excessive rate of speed that he was unable to stop within the range or radius of his headlights, without keeping or maintaining a proper lookout, and in failing to take any action, or make any effort, to avoid the accident. Alternatively, on these grounds, plaintiff is charged with contributory negligence barring his right to recover.
The appeal presents primarily for resolution- questions of fact. That the headlights to Andrews’ truck went out and he made an emergency stop is not seriously questioned. However, serious questions have been raised as to whether or not (1) Andrews, after stopping, had sufficient time to take precautionary action to warn approaching traffic prior to the collision; (2) Norred’s headlights blinded plaintiff Malone and prevented him from seeing the parked truck, and (3) Andrews’ truck was equipped with a taillight properly functioning at the time.
As to the first of these propositions, Andrews testified that he did not have sufficient time or opportunity to take any effective action to warn approaching traffic and prevent the accident. Norred testified that as he passed the Andrews truck, Andrews had just alighted from the truck or was in a manner alighting therefrom; that as he observed the lights of plaintiff’s truck he continued forward to the shoulder of the highway to permit plaintiff to pass, but that before he could park, he heard the crash of plaintiff’s truck striking that of defendant Andrews. If these statements are accepted as true, then -it could only be concluded that Andrews did not have sufficient time to place flares or take other means of- warning approaching trafile before Malone ran into him. However, it is noted plaintiff’s counsel, under cross-examination, succeeded in getting Andrews to make an estimation of four minutes as the interval of time intervening between his stopping and the collision. Estimates of this kind and character are generally inaccurate and unreliable and constitute at the best a mere guess. If Norred’s testimony is accepted in view of the circumstances that he did not stop and that the *383 accident occurred before he could get his automobile stopped on the shoulder of the r.oad, it appears safe to conclude that Andrews’ estimate of the interval of time intervening was greatly overstated, and that Andrews did not have sufficient time after stopping to warn plaintiff of such stop.
The next question concerns plaintiff’s contention that he was blinded by Norred’s headlights. Norred testified that his lights were on dim. That plaintiff was blinded at all, or affected by Norred’s lights, was only brought out through leading questions p'ro-,pounded by his own counsel. Therefore, it has not been established that plaintiff was momentarily and at a crucial moment blinded by the headlights of Norred’s car.
Lastly, for consideration is whether or not Andrews’ truck was equipped, with a taillight properly functioning at the time of the collision. Andrews, who had been driving this truck during the past few years and who did most of the minor repairs and adjustments thereon, testified that the cab lights and the taillight were controlled by the same switch. Both Andrews and Nor-red testified that a cab light was burning. Andrews testified that the taillight was operating after he stopped his truck. Malone testified there were no lights whatsoever on the Andrews truck. While the evidence is conclusive that the impact shattered the taillight so that, following the accident, it was impossible to determine from the light itself whether the taillight was or was not burning prior to and at the time of the collision, the evidence as a whole does not establish that the taillight was not functioning at the time of the impact.
In support- of his contention, plaintiff cites the following authorities: Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corp., La.App., 33 So.2d 95; Rea v. Dow Motor Co., La.App., 36 So.2d 750; Lynch v. Fisher, La.App., 41 So.2d 692; Buford v. Combs, La.App., 50 So.2d 469; Lovelace v. Gowan, La.App., 52 So.2d 97; Washington Fire & Marine Insurance Co. v. Travelers Indemnity Co., La.App., 86 So.2d 743.
If the facts had been as contended by plaintiff there would be no question of a correct application of these authorities to the position assumed by him. Upon the facts established in each of those cases we are in accord with the rulings therein made. However, the instant case is distinguishable on the facts. Therefore, these authorities are - not controlling here. For instance, it was not established here that Andrews, after making an emergency stop, had time or opportunity to take any effective means to warn plaintiff, before the collision, of his action in suddenly stopping in the highway, or that plaintiff was blinded by the headlights of an oncoming car, or that the Andrews truck was not equipped with a properly functioning taillight prior to and at the time of the collision.
We conclude, therefore, that plaintiff has failed to sustain his burden of proof, or to establish, by a preponderance of the evidence, that defendant Andrews was guilty of negligence constituting a proximate cause of the accident. - This being the conclusion of the court, it is unnecessary to consider defendants’ plea of contributory negligence on the part of plaintiff. It, therefore, follows that the judgment must be reversed.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered, adjudged and decreed that plaintiff’s demands be and they are hereby rejected and his suit dismissed at his cost.
Reversed.