CULPEPPER. Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. Plaintiff was a passenger in an automobile owned by the defendant, Curtis Landry, and being driven by his minor son, Patrick Landry. The defendant, Hartford Accident & Indemnity Company, carried liability insurance on the vehicle. Following a trial on the merits the district judge awarded judgment in favor of the plaintiff and against the defendants, solidarity, in the sum of $11,000 (the limit of liability of the insurer) and against the defendant, Curtis Landry, individually, in the sum of $3,544.33. Defendants appealed. Plaintiff answered the appeal requesting an increase in the award.
The facts show that on Saturday, March 13, 1960, Patrick Landry used his father’s car to take his date for the evening, Miss Rosalie Abboud, to a party at the Cedar Club near Lafayette. Since he had not been to the club before, she directed him how to go there. They proceeded east on U. S. Plighway 90 to the T-intersection of Kaliste Saloom Road, a blacktopped road which *339 runs south about three miles to the Cedar Club. By this route, they went to the club about 7:30 or 8:00 p. m. and remained there until about 2:30 a. m. the following morning.
On leaving the Cedar Club, their destination was the house of Shirley Norse, the plaintiff's first cousin, with whom plaintiff was to spend the night. Miss Norse left the club about the same time with her date, Jimmy Hebert, Although young Landry did not know where Shirley Norse lived, he did know the way back from the Cedar Club to Highway 90. On Kaliste Saloom Road, young Landry drove about 50 miles per hour, with the exception of the times he slowed down for several curves. He passed Jimmy Hebert’s vehicle about a mile before reaching Highway 90. Then young Landry drove around a curve, which is located about 100 yards from Highway 90. He failed to see the intersection, or the stop sign located there, until he was about 100 feet away. Landry could not stop his automobile and drove through the intersection into a ditch on the opposite side of Highway 90.
The first issue is whether the driver, Patrick Landry, was negligent. It is the contention of the defendants that this case falls within the holding of Carlisle v. Parish of East Baton Rouge, 114 So.2d 62 (1st Cir.App.1959) and similar cases cited therein, that a motorist is not required to anticipate that the road on which he is traveling will suddenly, without warning, end or run into a deep unmarked ditch. This argument has no merit. All of the cases cited by defendant involved construction work where the governing authorities had failed to erect any warning signs of an unusual and inherently dangerous situation. In the present case the road did not suddenly end at a ditch without warning. This was an intersection marked with a stop sign. We do not think anything more, in the way of a warning device, was required. Furthermore, young Landry had gone through this same intersection earlier in the evening and knew of its presence. On the return trip he simply was not keeping a proper lookout and failed to see the stop sign or the intersection in time to avoid the accident.
The next issue is whether the plaintiff, Miss Abboud, was guilty of contributory negligence barring her recovery. Defendants contend that plaintiff knew young Landry was not familiar with the road and that she knew of this dangerous intersection and should have warned him in time to avoid the accident. Defendant cites Lorance v. Smith, 173 La. 883, 138 So. 871 and several other cases for the proposition that a guest must use ordinary care for his own safety and if the guest is aware that there is danger ahead, which is apparently unknown to the driver, it is the duty of the guest, to warn the driver at once. See also Delaune v. Breaux, 174 La. 43, 139 So. 753. These cases have no application here. Miss Abboud was not aware, and had no reason to be aware, of any unusual danger ahead. Nor did she have any reason to think that the driver would not see the intersection and the stop sign. Young Landry had been driving at a reasonable speed and in a reasonable manner. He had just passed through this same intersection a few hours before and there was no reason for Miss Abboud to think that he would not traverse it safely again.
The final issue is the quantum of damages awarded. The trial judge awarded $10,000 for disability of the left ankle, $2,-500 for past and future pain and suffering, $1,044.33 for medical expenses already incurred and $1,000 for future medical expenses, a total award of $14,544.33.
As a result of the accident, the plaintiff received a laceration of the scalp which required sutures, but which is now covered by hair and is not disfiguring, a slight laceration of the right leg which required no suturing, and a fracture dislocation of the left ankle, which has proved to be a painful and permanently disabling injury. On the day of the accident, March 13, 1960, plaintiff was taken to the hospital in Lafayette where she was seen by Dr. William Meul- *340 eman, a specialist in orthopedic surgery. Two days later, on determining that plaintiff’s condition would permit surgery, Dr. Meuleman performed an open reduction, with a three inch incision, fixing the fractured ankle bones and repairing the ligamentous structures as best he could. A screw was used to hold one of the bones in place temporarily. A pressure type cast was applied from foot to thigh. She was discharged from the hospital about six days later but returned on April 5, 1960, at which time the long cast was removed and a knee length cast applied, so that she could use crutches to get about. This second cast was removed on May 4, 1960 and a program of heat therapy and exercise was started. On August 8, 1960, surgery for the removal of the screw was performed.
Her recovery has not been satisfactory because traumatic arthritis has developed and progressed causing increasing pain and swelling which both Dr. Meuleman and Dr. Guy Dunning, an orthopedic specialist, who examined plaintiff at the request of defendants, testified would, within a period of a few years, require that the bones be fused so as to immobilize the joint. This fusion operation would cost about $1,000 and would remove the pain and enable plaintiff to walk with a normal gait, but would prevent her from engaging in any activity which would require strenuous movement of the ankle, such as running, jumping, dancing, etc.
Plaintiff, who was 21 years of age at the time of the accident and a physical education student at the University of Southwest Louisiana, is now a teacher of physical education. The evidence shows that during the two years since the accident she has suffered considerable pain and swelling from the activities required by her education and by her occupation. Both Dr. Meuleman and Dr. Dunning predict that the traumatic arthritis will become progressively worse and will cause more pain and swelling. In a few years she will be faced with the choice of enduring the increased pain or undergoing an operation to fuse the bone and immobilize the joint.
Under the circumstances, we do not think the amount of the award is either inadequate or excessive.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants.
Affirmed.