YARRUT, Judge.
This is an appeal from a judgment of the District Court in favor of Plaintiff and against Defendant for $675.00, plus interest from date of judicial demand, and all costs.
This suit was brought originally on behalf of the minor by his father in his capacity of “natural tutor” but subsequently amended to appear as “administrator of the estate” of his minor son, since he and his wife, the boy’s mother, were still living, and he was “administrator” rather than “natural tutor” of the minor.
The suit was brought against the State of Louisiana through the Department of Highways, in tort, for- damages suffered by the minor when an automobile, owned by him but driven with his consent by a friend, crashed into an upriser on the State’s bridge known as the “Judge William Seeber Bridge” crossing the Industrial Canal, at North Claiborne Avenue, a main travel artery in the City of New Orleans.
The right of the minor to bring the suit was authorized by Act 29 of 1961 of the Louisiana Legislature, which waived the State’s sovereign immunity, and authorized the suit to be brought by the tutor of the minor. The title of Act 29 of 1961 reads as follows:
“To authorize Edward J. O’Brien and/or Michael E. Neuburger individually or through his natural tutor Henry E. Neuburger to file a suit or suits against the state of Louisiana through the State Department of Highways upon claims for damages alleged to have been caused by the negligence of the officers, agents and/or employees of the said Department of Highways; to provide the procedure to be used in said suit or suits and a method for citing the state; to designate the courts in which such suit or suits may be instituted; to authorize compromise of said claims; to waive the immunity of the state from suit and from liability and to waive prescription and peremption; to provide the effect of the authorization herein conferred, and to *185 provide with regard to the payment of any judgment or compromise arising from such suit or suits.”
Defendant first filed an exception of no right or cause of action, contending that the authority by the State for the minor to sue was through his “tutor” and not his “administrator.” The purpose of the waiver of immunity was to permit suit to be brought on behalf of the minor to recover any damages he may have suffered from the accident described if the State, through the Department of Highways, was found negligent and responsible in a proper proceeding for the minor’s loss. A minor cannot sue in his own behalf and must be represented by a duly authorized tutor or administrator. Whether the person so authorized qualifies as “tutor” or “administrator” should make no difference. There is no contention that the father is without authority to appear as “administrator” of his minor son in these proceedings. Any final judgment rendered herein will be res adjudicata for or against the State as well as the minor.
On the merits of the case, the question at issue is whether or not the young man who was using the minor’s automobile at the time of its damage was guilty of contributory negligence.
The evidence shows that on the evening of February 13, 1961, Edward J. O’Brien, Jr., while driving the automobile, collided with a steel barrier about 18 inches above the level of the roadway on the approach to the Seeber Bridge. This barrier should not have been in an erect position at the time, but should have automatically dropped to the level of the approach when the bridge ■closed after the passage of vessels in the Canal. The barrier automatically rises above the surface of the approach only when the bridge opens for passage of vessels. Defendant’s witnesses admitted that two lights, located on the barricade, intended to burn when the barrier is up, were not burning at the time. The lighting in the neighborhood was poor and O’Brien was travelling at a moderate rate of speed, following a short distance behind a truck, which suddenly turned to the right lane to enter upon the bridge. O’Brien, while only within 30 or 40 feet, because of the darkness and the inactive lights on the barricade and the fact that the riser was splattered with mud, crashed into it causing the destruction of the automobile.
The District Court, in Reasons for Judgment, fully covered the factual situation, as follows:
“I find that O’Brien was not, under the circumstances involved in this case, negligent in proceeding onto the bridge. While a motorist on a highway must keep a constant lookout, he is not required, at his peril, to discover hidden traps. Had this been a ‘stalled’ automobile, the result might be different. That is something an observant motorist should see under the circumstances here. O’Brien had no reason or warning to expect a barrier to suddenly appear in front of him as he proceeded onto the bridge. Inability to avoid the barrier in such an emergency was through no fault of O’Brien.
“I find that the area was rather dimly lit; and the barrier was without lights. The defense witnesses themselves testified that no lights were burning on it. The sole, primary and proximate cause of this accident was this unil-luminated steel barrier rising up to a height of fourteen inches above the surface of the roadway, veritably forming a hidden trap into which O’Brien fell through no fault of his own. * * * ”
We agree with the findings of fact and conclusions by the District Court that the driver of the minor’s automobile was not guilty of any negligence contributing to the accident. A motorist, travelling by night, is not required to guard against striking an unexpected or unusual obstruction *186 which he could not anticipate would be encountered on the highway, unless the same were clearly marked, designated by ample warning and visible to a motorist, reasonably viligant and keeping a proper lookout ahead. Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909; Smith v. Henry, La.App. 2 Cir., 147 So.2d 416; Peats v. Martin, La.App. 2 Cir., 133 So.2d 920; Holt v. All State Insurance Company, La.App. 3 Cir., 131 So.2d 348; Josey v. Granite State Fire Insurance Company, La.App. 2 Cir., 122 So.2d 303; Moore v. New Amsterdam Casualty Co., Orl.App., 52 So.2d 766.
For the reasons herein assigned, the judgment of the District Court is affirmed; all costs of Plaintiff to be paid by Defendant.
Affirmed.