192 So.2d 834 (1966)
Mrs. James DeGREGORY, Plaintiff-Appellee,
v.
The STATE of Louisiana, Through the State DEPARTMENT OF HIGHWAYS and/or the State Board of Highways, Defendant-Appellee, and
The Hanover Insurance Company, Defendant-Appellant.
No. 6748.
Court of Appeal of Louisiana, First Circuit.
November 15, 1966.
Rehearing Denied January 3, 1967.
*835 Ben W. Lightfoot, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellant.
Sam J. D'Amico of D'Amico & Curet, Baton Rouge (also appellant), Charles Wm. Roberts, of Burton, Roberts & Ward, Philip K. Jones, D. Ross Banister and Norman L. Sisson, Baton Rouge, for appellees.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
This is an action by a guest passenger for injuries received while riding in an automobile driven by her husband. Defendants are the State of Louisiana, through the State Department of Highways and/or the State Board of Highways, hereinafter collectively referred to as Department of Highways; and, The Hanover Insurance Company, hereinafter referred to as Hanover, insurers of the automobile owned by plaintiff's husband. Judgment was rendered in the District Court in favor of the plaintiff and against Hanover, awarding plaintiff damages in the amount of $7,000.00. Judgment was further rendered in favor of the Department of Highways and against plaintiff, relieving the latter of liability. From this judgment, plaintiff has appealed urging that the award of $7,000.00 is inadequate and that the Department of Highways should also be held liable. Hanover has appealed from the decision holding their insured negligent; alternatively, if negligent, that plaintiff herself was guilty of contributory negligence; further, alternatively, that Department of Highways is also liable; and, that the award to plaintiff is excessive.
On the night of December 15, 1961, Mr. James DeGregory was driving south on Louisiana Highway 1145, returning to his home at Bayou Corne. The plaintiff, Mrs. James DeGregory, was riding as a passenger. The automobile was owned by Mr. DeGregory, and was then insured by Hanover.
At approximately 8:30 p.m., Mr. DeGregory crossed Louisiana Highway 76, jumped a ditch, and finally stopped in a cane field. Mrs. DeGregory received various injuries as a result of this accident.
The scene of the accident is the junction of Louisiana Highway 1145 and Louisiana Highway 76. Louisiana 76 runs east and west, and is the favored right of way, there being a standard red and white stop sign at this point, applying to traffic traveling south on Louisiana 1145.
On the south side of Louisiana 76, there is another highway, Louisiana 415, which is offset from Louisiana 1145 by approximately the width of the roadroughly twenty-one feet. This is a gravel road. Louisiana 76 and Louisiana 1145 are paved.
Weather conditions on the night in question are described throughout the record as *836 foggy and intermittently raining. At the time of the accident, Mr. DeGregory had just entered what he described as a heavy bank of fog. He says that he was then traveling at a speed of 50 miles per hour. He did not apply his brakes upon entering this fog, but did remove his foot from the accelerator pedal and allowed his car to slow itself naturally. Suddenly, Mrs. DeGregory said, "We're going off the road." Mr. DeGregory was at that moment going 30 to 35 miles per hour. He immediately applied his brakes but it was too late. The evidence shows that his skid marks began about two feet north of the north line of Louisiana 76, a point some eight feet south of the stop sign controlling his lane and direction of travel.
The judgment of the District Court casting Hanover in damages for the negligence of Mr. DeGregory is correct and fully supported by the record.
It is well settled that the driver of a motor vehicle is under a never ceasing duty to maintain a proper lookout and to see that which he should have seen. Failure to see that which he should have seen is itself negligence. He is further required to maintain such control over the speed and operation of his vehicle as to permit him to stop within the range of his legally proper lookout. There are exceptions to this rule. However, such exceptions involved only those situations which occur suddenly and without warning, and could not have been detected by a driver who was maintaining a proper lookout and proper control over his vehicle. We do not believe that the case at bar falls within any of these exceptions.
Officer Leland R. Dennison, who investigated the accident, testified, and other evidence corroborates him, that there was a standard red stop sign with white lettering approximately ten feet from the intersection. A short distance north of that sign was a green sign with white lettering pointing the way to Rosedale, below that was a small green sign announcing Louisiana 76. Below that was another green sign bearing the white arrow pointing in both directionseast and westthe directions of Louisiana 76. There were also several concrete posts bearing black and white reflector signs located at the intersection. Further, Officer Dennison testified that two-tenths of a mile north of the intersection there was also another small green sign announcing Louisiana 76. It appears that this sign said only that and did not bear the usual markings that indicate that its meaning is that there is an intersection ahead, but this is of little import since Mr. DeGregory states that he saw none of these signs and markings.
It is apparent from the testimony of Mr. DeGregory, the prevailing conditions of the weather, and the existence of the aforementioned signs, concrete posts, etc., that Mr. DeGregory was traveling at an excessive rate of speed under the circumstances and was not keeping a proper lookout. As a matter of fact, under the conditions then existing his duty to keep his vehicle under control increased under such circumstances. Goutierrez v. Travelers Insurance Co., La.App., 107 So.2d 847; Larocca v. Aetna Casualty Insurance Co., La.App., 181 So.2d 482; Ervin v. Burns, La.App., 126 So.2d 805.
Hanover urges and plaintiff adopts Hanover's arguments, that the Department of Highways was negligent in failing to place proper warnings of the dangerous intersection at which this accident occurred. The Department of Highways denies that the intersection was unusually dangerous and asserts that it was properly marked.
Hanover relies on the case of Pierrotti v. Louisiana Department of Highways, La. App., 146 So.2d 455. In that case, the plaintiff was injured when the car ran off the road into an abandoned roadbed. An intersection had been redesigned, but the old signs pointing the way for traffic had been left in the place. The old roadbed *837 created an optical illusion, appearing to be still the active traffic route. It was therein held that the creation of this condition without placing proper signs for the guidance of traffic through the new intersection was negligence on the part of the Department of Highways. This case has no application to the case at bar.
Hanover further relies on the following cases: Rosier v. State, La.App., 50 So.2d 31, DeHart v. State, La.App., 46 So.2d 366, Davis v. Department of Highways, La.App., 68 So.2d 263, Christ v. State, Through Department of Highways, La.App., 161 So.2d 322, Neuburger v. State, Through Department of Highways, La.App., 162 So.2d 183, and Granger v. Travelers Insurance Company, La.App., 167 So.2d 211. These cases have no bearing on the case at bar. They all involve some unusual hazard, usually construction work, which was in the knowledge of the defendant and which were not properly marked.
The Department of Highways cites the case of Abboud v. Hartford Accident and Indemnity Co., La.App., 157 So.2d 338. There, the plaintiff guest passenger was injured when the driver ran through a stop sign, crossed the favored highway at a "T" intersection, and went into a ditch. Defendants' insured had safely negotiated this same intersection a few hours before the accident. The court therein distinguished Carlisle v. Parish of East Baton Rouge, La.App., 114 So.2d 62, and similar cases to the effect that "* * * a motorist is not required to anticipate that the road on which he is traveling will suddenly, without warning, end or run into a deep unmarked ditch," stating: (157 So.2d p. 339)
"All of the cases cited by defendant involved construction work where the governing authorities had failed to erect any warning signs of an unusual and inherently dangerous situation. In the present case the road did not suddenly end at a ditch without warning. This was an intersection marked with a stop sign. We do not think anything more, in the way of a warning device, was required."
The slight differences in physical layout at the scene in that case and the case at bar should have no legal significance as far as this case is concerned. Nor does the fact that the driver in the Abboud case, supra, had once passed the intersection before the accident bear on the application of that rule to this case. Here defendant Hanover's insured was unfamiliar with the road, there was intermittent rain and heavy fog, thus adding to, and not detracting from, his duty to maintain a proper lookout. We find no error in the trial judge's decision dismissing the suit as to the Louisiana Department of Highways.
It is also well settled that a passenger in an automobile is not under the same duty as is the driver. To convict a guest passenger of contributory negligence, it is essential the guest knew or should have known in the exercise of ordinary care, of his host's negligence and acquiesce therein. The guest is not required to keep a constant lookout, but only to warn a driver of the hazard within the knowledge of the guest and apparently unknown to the driver. And where the guest has no reason to consider the driver incompetent, he may place reasonable reliance on the care and skill of the driver. However, the guest is under a duty to exercise reasonably prudent care and to protest acts of negligence. This duty has been repeatedly held to arise only where the acts of negligence are manifest. Under the facts of this particular case we do not find that the plaintiff failed to exercise such care so as to have acquiesced in the negligent action of her husband which would show her to be contributorily negligent.
As to the injuries sustained by plaintiff, defendant Hanover concedes that it was established that Mrs. DeGregory sustained a compound comminuted fracture of the nose with lacerations both externally through the skin of the bridge of the nose *838 and lacerations of the mucosal lining inside, a sprained ankle and contusions of the lower back, knees and shoulder. She was admitted to the hospital on the date of the accident, underwent surgery for the comminuted fracture of the nose on December 20, 1961 and was discharged on December 27, 1961. It is not conceded that plaintiff established that she received a fracture of the twelfth dorsal vertebra as a result of this accident. There is a serious question on this point, for the record shows that this fracture may have occurred previous to the accident giving rise to this action. The trial judge did not give oral or hand down written reasons so we are not favored with his finding of fact on this point. Hanover states in its brief that since no "special" damages were demanded, the trial court must have considered that the fracture to the spine resulted in the accident in order to justify an award of $7,000.00. Counsel for plaintiff, on the other hand, asserts that this injury could not have been considered since, "an award of $7,000.00 was made for a similar type injury as suffered by Mrs. DeGregory to her nose in Tamburelo v. Jaeger [La.App.], 176 So.2d 707."
A careful review of the medical testimony of the expert witnesses convinces us that the plaintiff has failed to bear the burden of proof of showing that she did in fact receive a compression fracture of the twelfth dorsal vertebra. Dr. Stander, plaintiff's attending physician, remained definite in his testimony that the compression fracture detected on December 15, 1961, was old and not the result of the accident on the same date. For the purposes of this decision and in consideration of the amount of damages plaintiff is entitled to recover we exclude the controversial compression fracture aforementioned. We do find that plaintiff suffered a low back injury which caused her some discomfort for a period of five months following the accident. Considering the cases cited by plaintiff and Hanover in their respective briefs, we cannot find that the trial judge in assessing damages in the amount of $7,000.00 is manifestly erroneous.
For the above and foregoing reasons the judgment of the trial court is hereby affirmed, costs of this appeal are to be borne equally by plaintiff and defendant, The Hanover Insurance Company.
Affirmed.