SAMUEL, Judge.
Plaintiff filed this suit for personal injuries sustained in an automobile accident; he was a guest passenger in one of the two vehicles involved. Defendants are the driver of the other vehicle and her liability insurer. Continental Casualty Company, workmen’s compensation insurer of plaintiff’s employer, intervened for compensation and medical expenses it had paid. In the trial court defendants stipulated liability and quantum was, and is, the only issue.
After trial judgment was rendered in favor of plaintiff and against the defendants, in solido, in the sum of $5,593.82, of which $1,173.82 was for medical expenses, $420 for loss of one month’s salary, and $4,000 for plaintiff’s pain, suffering and inconvenience. Judgment (to be paid by preference and priority out of the award to plaintiff) also was awarded in favor of the intervenor, Continental, in the amount of $457.82 for workmen’s compensation and medical expenses paid by that insurer.
Plaintiff has appealed. In this court he seeks an increase in the amount awarded to him, contending: (1) the $4,000 award for pain and suffering is inadequate; and (2) the trial court erred in awarding $1,-173.82 for medical expenses instead of $1,351.82, the stipulated amount of those expenses.
Testimony relative to the injuries was given by plaintiff, his wife, three other lay witnesses and five medical experts: Drs. Max M. Greenberg, a general practitioner; Irvin Cahen, Walter H. Brent and G. Gernon Brown, Jr., orthopedic surgeons; *678 and Richard W. Levy, a neurosurgeon. The first three named doctors, all of whom were treating physicians, testified on behalf of plaintiff and the last two, Drs. Brown and Levy, testified on behalf of the defendants. We are satisfied from all of the pertinent evidence that the following are the facts regarding the nature and extent of the injuries in suit:
At the time of the accident plaintiff was 51 years of age. Prior to that occurrence he had had no difficulty with his back and was fairly active. Since the accident he has had to curtail his activities. He sustained multiple bruises and contusions, a laceration of the scalp, an injury to his right elbow which required aspiration on several occasions, and a lumbosacral strain. Dr. Greenberg cleansed the wounds and applied dressings where necessary, sewed the scalp laceration, administered a booster tetanus antitoxicant, and advised plaintiff to return home and remain in bed. Plaintiff returned to Dr. Greenberg three days later and thereafter on approximately fourteen other occasions at which times he was given further treatment, particularly for his back. Dr. Greenberg then referred plaintiff to Dr. Brent for the back condition. Dr. Brent saw plaintiff on five or six occasions, administered treatment and prescribed a back support corset.
Plaintiff continued to suffer from persistent, and sometimes severe, back pains. He was seen by Dr. Cahen approximately eleven months after the accident. That doctor found an unusual mass above the il-iac crest and limitation of motion of the back. He described the mass as being li-pomatous (fat) tissue. The unusual thing about the mass was that while plaintiff was standing it could be felt only in relation to the fact that he stated there was pain in the area. However, as plaintiff bent forward the mass became much more prominent and appeared to slide backward, or protrude, out of the tissue above the waistline.
Dr. Cahen prescribed tablets for pain and placed plaintiff on a steroid drug. As plaintiff received only questionable relief he was placed on another drug, which also did not afford improvement, and the pain persisted in the area of the lipomatous mass. The doctor then advised that only surgical removal of the mass would afford relief. Accordingly, an operation was performed approximately thirteen months after the accident and a rounded mass of fatty tissue four inches in length was removed. Plaintiff was discharged from the hospital five days later and thereafter seen at the doctor’s office on several occasions. There were some minor post operative complications. The record indicates that plaintiff should recover, without residual disability, in about eight weeks after the surgery. Further facts regarding recovery are not available because the trial took place only about five weeks after the operation.
As a result of the bruises and contusions, the scalp laceration, the injury to the right elbow and the lumbosacral strain sustained by plaintiff in the accident, he lost approximately one month from work. His salary for that month was paid by his employer and no claim was made therefor. He also lost slightly more than a month from work as a result of being incapacitated due to the operation. While the lipoma preexisted the accident and was not caused thereby, and while the question of whether the accident actually aggravated the lipoma itself could not be answered because of the absence of an examination of that then unknown fatty tissue prior to the accident, we are completely satisfied, as was the trial judge, that the protrusion of the li-poma, the persistent and sometimes severe back pain for approximately sixteen months, and the necessity for the surgical procedure, were the result of, and caused by, the accident in suit.
Keeping in mind that each case must be decided largely on the facts and circumstances surrounding the particular injuries involved and that awards in similar cases are relevant only for the purpose of determining whether the award is so excessive *679 or so inadequate as to constitute an abuse of the “much discretion” vested in the trial judge or jury by LSA-C.C. Art. 1934(3), we have examined other cases involving injuries somewhat similar to those suffered by the present plaintiff. These cases include : Husser v. Bogalusa Coca Cola Bottling Company, La.App., 215 So.2d 921; Addison v. Traders and General Insurance Company, La.App., 212 So.2d 754; DeGregory v. State Through Department of Highways, La.App., 192 So.2d 834; Ward v. State Farm Mutual Automobile Ins. Co., La.App., 182 So.2d 130; Plaisance v. Maryland Casualty Company, La.App., 169 So. 2d 695.
We conclude that the $4,000 award for plaintiff’s pain, suffering and inconvenience is so inadequate as to constitute an abuse of the “much discretion” vested in the trial court and that the same should be increased to the sum of $7,500.
With regard to plaintiff’s second contention, that the trial court erred in awarding $1,173.82 for medical expenses instead of $1,351.82, which latter figure his counsel argues is the correct, stipulated amount of those expenses, the only evidence we find in the record relative thereto is a document which purports to be such a stipulation. The figures contained in that document are confusing and irreconcilable and the document, to which is attached a certificate by counsel for plaintiff to the effect that a copy thereof had been mailed to counsel for the defendants, is signed only by counsel for the plaintiff. Since this is the only evidence in the record relative to a stipulation as to the medical expenses in question, we cannot say the trial judge was in error in finding that the medical expenses were in the amount he awarded for the same.
For the reasons assigned, the judgment appealed from is amended only to the extent of increasing the award in favor of plaintiff, Clayton F. Roses, and against the defendants, Anita S. Gibson and Hardware Mutual Casualty Company, in solido, from the sum of $5,593.82 to the sum of $9,093.-82. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs in this court to be paid by the defendants-appellees.
Amended and affirmed.