DOMENGEAUX, Judge.
This is a tort case resulting from a vehicular accident which occurred on a narrow parish gravel road west of the town of Washington, St. Landry Parish, Louisiana. Plaintiff-appellant Dudley Tezeno, driving his 1966 Chevrolet in a northerly direction, collided with a 1973 Ford, owned by the State of Louisiana, which was being driven in the opposite direction by a State Trooper, Lee R. Darbonne. Plaintiff sued only the St. Landry Parish Police Jury, alleging generally that the latter governing agency was causally negligent in not properly maintaining the road and failing to erect appropriate signs warning the travelling public of specified dangerous conditions which existed on the road. The Police Jury denied liability and specially pleaded contributory negligence on the part of Tezeno. It also third-partied Trooper Darbonne but subsequently dismissed its third party action against the latter.
After trial on the merits, the District Judge found actionable negligence on the part of the Police Jury but also found that Tezeno was guilty of negligence proximat-ing the accident, and consequently dismissed plaintiff’s suit at his costs.
The matter is now before us on Mr. Tez-eno’s appeal.
The accident occurred in the early afternoon of August 14, 1974, and the weather was clear. The gravel road in question is approximately fifteen feet wide making it physically possible for two vehicles to pass each other provided the vehicles reasonably utilize their respective right sides of the road. As appellant was travelling north he was confronted with a blind curve to his left and the curve of course would be to the State Trooper’s right as the latter approached it coming south. Inside the curve, the road traverses a drainage culvert, referred to in the evidence as a bridge, but a perusal of the excellent photographs introduced in evidence seem to show little dis-cernibility of anything but a continuation of the road. There is a heavy growth of brush on each side of the road obstructing the view of both drivers as they approached the curve. There is no question but that the curve is a blind one. Tezeno entered the blind curve at 35 miles per hour driving well to his left on the narrow road. Upon seeing the approaching Darbonne vehicle, he apparently attempted to get back over to his right, because the point of impact of the collision between the two vehicles was about the center of the road, with the left portions of each vehicle beyond the center.
The plaintiff lived in the vicinity, was well acquainted with the gravel road and its described curve, and customarily trav-elled on this narrow thoroughfare.
We agree with the trial judge in his finding of causal negligence on the part of plaintiff-appellant, hence we need not pass on the finding of such negligence on the part of the Police Jury.
Concerning Tezeno’s negligence, we quote with approval from portions of the district judge’s written reasons for judgment as follows:
Actually, what happened in this case is that the Police Jury had a gravelled road which is just wide enough that if two cars wish to pass, one has to stop and the *454 other ‘creep’; or, both cars have to ‘creep’. This has resulted in one set of ‘ruts’ or travelled portion, — which is apparent from the photos introduced.
Further, Plaintiff has tried valiantly to inject the question of a narrow bridge to bring this case under the umbrella of facts in Dabov, 302 So.2d 697 h In the opinion of this Court, and it so finds, the bridge was not a factor. It had no more to do with the wreck in setting up a hazardous situation, than the inherent narrowness of the road.
The fact of the matter is that Plaintiff entered a blind curve curving to his left and the other driver came out of the blind curve at that same time,.—both travelling at about 35 mph.
The trial judge quoted from Dabov, supra, on the question of the duty of the driver of a motor vehicle:
The driver of a motor vehicle is under a never ceasing duty to maintain a proper lookout and to see that which he should have seen. His failure to see that which he should have seen constitutes negligence. He is required to maintain such control over the speed and operation of his vehicle as to permit him to stop within the range of his legally proper lookout. There are exceptions to this rule, but those exceptions apply only in situations where the accident occurs suddenly and without warning, or where it results from a dangerous condition which could not have been detected by a driver who was maintaining a proper lookout and proper control over his vehicle. DeGregory v. State Department of Highways, 192 So.2d 834 (La.App. 1 Cir. 1966).
The opinion of the district judge continued:
The crux of this case is in the activities of the Plaintiff to see if he was also
1. Complete citation by Appellate Court: Dabov v. Allstate Insurance Company, 302 So.2d 697 (La.App. 3rd Cir. 1974). guilty of negligence, or even an assumption of the risk.
The defendant can be assigned several acts of negligence:
A. Going into a blind curve too fast. (See Note 1 to LSA-RS 32:61)
B. Not keeping a proper look out for oncoming cars. (See LSA-RS 32:21, Notes 30-33)
C. Driving too fast under the circumstances. (Again see Note 1 to LSA-RS 32:61)
D. Being involved in a head-on collision while he was over the center line. (See LSA-RS 32:71)
Plaintiff argued that, really, the plaintiff was not negligent; and, secondly, the contributory negligence of the Plaintiff couldn’t be used. The Court asked for jurisprudence to sustain the second argument, but none was forthcoming.
The Court felt that a better argument was that the Plaintiff has been more or less led into negligence by the negligence of the Police Jury.
However, the overriding fact that the Court gives the greatest consideration to, after finding the Plaintiff negligent, is the positive testimony that the Plaintiff lived in the neighborhood and used this road; and the passive fact that the Plaintiff presented no testimony that he was unfamiliar with the road, and was more or less ‘trapped’ by the Police Jury.
The Court feels that this fact sets up basic contributory negligence on the part of the Plaintiff; and, while this is decisive, also militates against the ‘proximate cause’ between the negligence of the Police Jury and the injury. It also argues even for an ‘assumption’ of a known risk by the Plaintiff.
The Court feels and finds that what caused this accident was not primarily the road construction, lack of maintenance and/or lack of marking, etc. on the part of the Police Jury, but the fact that *455 Plaintiff knew of the hazards, did nothing to circumvent or guard against these habits [sic], went blithely ahead, and suffered consequences which were almost certain to happen in the light of Plaintiff’s conduct.
Our review of the record supports the trial court’s factual findings. We agree that Mr. Tezeno is barred from recovery by his negligent conduct. The latter was completely familiar with the little gravel road and knew of the blind curve which was glaringly obvious, on this clear day, even to a stranger in the vicinity. He was driving too fast under the circumstances, and blindly entered the curve travelling in the left portion of the road surface, resulting in his collision with Trooper Darbonne, all of which amounted to causal negligence on his part.[2]’[3]
For the above and foregoing reasons, the decision of the district court is affirmed, at appellant’s costs.

AFFIRMED.

. See Hailey v. LaSalle Parish PoUce Jury, 302 So.2d 668 (La.App. 3rd Cir. 1974). Although the Police Jury therein was found to be negligent for not remedying a hazardous defect in the road, the plaintiff was also found to be negligent barring his recovery because he failed to keep a proper lookout, did not notice the defect which he knew was there, and was travelling too fast under the circumstances.

. We are not called upon to, and we do not express any opinion concerning any negligence attributable to Trooper Darbonne.